JEFFREY S. WINSLOW *v.* LEWIS-SHEPARD, INC., ET AL. (13995)

SHEA, CALLAHAN, GLASS, HULL and BORDEN, Js.

Argued October 5—decision released December 4, 1990

*Jason M. Dodge,* for the appellant (Acme Chaston).

*Robert B. Yules,* with whom, on the brief, was *William J. Shea,* for the appellee (plaintiff).

GLASS, J. The sole issue in this appeal is whether the content of an employee's notice to his employer concerning the employee's institution of an action against third party tortfeasors to recover damages for personal injuries sustained in the course of employment was sufficient to comply with General Statutes § 31-293.[1] The trial court determined that the content of the employee's notice fulfilled the requirements of § 31-293, and, as a consequence, the employer's failure to intervene in the third party action within thirty days of its receipt of the employee's notice, as also required by the statute, caused its right of action against the third party tortfeasors to abate. We affirm the judgment of the trial court.

---

[1] General Statutes § 31-293 provides in pertinent part: "LIABILITY OF THIRD PERSONS TO EMPLOYER AND EMPLOYEE. LIMITATIONS ON LIABILITY OF ARCHITECTS AND ENGINEERS. (a) When any injury for which compensation is payable under the provisions of this chapter has been sustained under circumstances creating in some other person than the employer a legal liability to pay damages in respect thereto, the injured employee may claim compensation under the provisions of this chapter, but the payment or award of compensation shall not affect the claim or right of action of such injured employee against such other person, but such injured employee may proceed at law against such person to recover damages for such injury; and any employer having paid, or having become obligated to pay, compensation under the provisions of this chapter may bring an action against such other person to recover any amount that he has paid or has become obligated to pay as compensation to such injured employee. If either such employee or such employer brings such action against such third person, he shall forthwith notify the other, in writing, by personal presentation or by registered or certified mail, of such fact and of the name of the court to which the writ is returnable, and such other may join as a party plaintiff in such action within thirty days after such notification, and, if such other fails to join as a party plaintiff, his right of action against such third person shall abate. . . ."

The plaintiff employee, Jeffrey Winslow, sustained personal injuries on September 15, 1986, while operating allegedly defective equipment in the course of his employment. As a result of his injuries, Winslow's employer, Acme Chaston, paid him workers' compensation benefits. Subsequently, Winslow instituted an action against several third party tortfeasors, including the named defendant, seeking damages for his personal injuries. The facts relevant to Winslow's third party action are set forth in our opinion reported in *Winslow* v. *Lewis-Shepard, Inc.*, 212 Conn. 462, 562 A.2d 517 (1989). A brief account of the facts and procedural history pertinent to the issue raised for our present determination follows.

On October 28, 1988, Acme Chaston received a certified letter from an attorney whose letterhead indicated that he was a member of a Connecticut law firm. The letter also indicated that Winslow was a client of the firm, and that a copy of the letter and its enclosure had been mailed to Winslow. The letter stated: "Enclosed please find a copy of the third-party action of Jeffrey Winslow against Lewis-Shepard, Inc. et al. The writ is returnable to the Judicial District of Windham at Putnam at 155 Church Street, Putnam, Connecticut." A copy of the complaint filed by Winslow in the third party action was enclosed with the letter. In the ninth paragraph of the complaint, Winslow was identified as an employee of Acme Chaston who had been injured while working for Acme Chaston. Allegations of the time, date, place and cause of Winslow's injuries were also contained in the complaint.

On November 30, 1988, thirty-three days after receiving Winslow's letter and the copy of his complaint, Acme Chaston moved to intervene as a party plaintiff in the third party action. Winslow objected, arguing that, by failing to intervene within thirty days of the

date it had received notice of the action as required by General Statutes § 31-293, Acme Chaston forfeited its right to intervene in the action. After a hearing, the trial court denied Acme Chaston's motion to intervene. Acme Chaston appealed to the Appellate Court, and thereafter, we transferred the appeal to this court pursuant to Practice Book § 4023. The sole claim of Acme Chaston before this court is that its motion to intervene in Winslow's third party action was timely filed because Winslow did not provide notice in accordance with the terms of § 31-293.

I

As a preliminary matter, we note that the trial court's order denying Acme Chaston's motion to intervene, while interlocutory, is nonetheless a final judgment for purposes of appeal. The test for determining whether an order denying a motion to intervene constitutes a final judgment is whether the would-be intervenor can make "a colorable claim to intervention as a matter of right." *Ricard* v. *Stanadyne, Inc.,* 181 Conn. 321, 322 n.1, 435 A.2d 352 (1980); *Common Condominium Assns., Inc.* v. *Common Associates,* 5 Conn. App. 288, 291, 497 A.2d 780 (1985). In this case, Acme Chaston has made a colorable claim to intervention as a matter of right because § 31-293 specifically grants an employer who has paid workers' compensation benefits to an employee the right to join as a party plaintiff in the employee's action against third party tortfeasors. See *Ricard* v. *Stanadyne, Inc.,* supra, 323. Accordingly, Acme Chaston has appealed from a final judgment, and we will address its appeal on the merits.

II

In claiming that Winslow's letter and the copy of his complaint did not constitute notice in accordance with the terms of § 31-293, Acme Chaston primarily attacks Winslow's failure to apprise it that § 31-293 granted

Acme Chaston the right to intervene in the third party action, and that this right would abate unless exercised within thirty days. Acme Chaston also argues that the notice was deficient because Winslow neglected to include in his letter "pertinent facts" allegedly necessary for Acme Chaston to exercise its right to intervene in a timely fashion, such as reference to Winslow's employment by Acme Chaston, the workers' compensation claim involved and the date of the injury. We disagree.

"General Statutes § 31-293 grants to an employer who has paid worker's compensation a right to join as a party plaintiff in actions by employees against third party tortfeasors; *Robinson* v. *Faulkner,* 163 Conn. 365, 377, 306 A.2d 857 (1972); provided that the right is exercised in a timely fashion. *Olszewski* v. *State Employees' Retirement Commission,* 144 Conn. 322, 325, 130 A.2d 801 (1957)." *Ricard* v. *Stanadyne, Inc.,* supra, 323. An employer who does not receive notice from an employee concerning the institution of a third party action in accordance with § 31-293 "[cannot] be barred from intervening by the passage of the time which this statute prescribes, because, until notice is given, the time does not begin to run." *Lakewood Metal Products, Inc.* v. *Capital Machine & Switch Co.,* 154 Conn. 708, 710, 226 A.2d 392 (1967).

In determining what particular information concerning the institution of a third party action must be furnished in order to provide notice that satisfies the requirements of § 31-293, we first look to the language employed by the legislature in the statute. *King* v. *Board of Education,* 203 Conn. 324, 332, 524 A.2d 1131 (1987). We are mindful when inspecting the statutory text that "the intent of the legislature is to be found not in what it meant to say but in what it did say." *Federal Aviation Administration* v. *Administrator,* 196

Conn. 546, 549–50, 494 A.2d 564 (1985). "When the language of the statute is plain and unambiguous, we need look no further than the words themselves because we assume that the language expresses the legislature's intent." *State* v. *White,* 204 Conn. 410, 421, 528 A.2d 811 (1987).

In our view, § 31-293 unambiguously prescribes the necessary ingredients of notice. Section 31-293 provides in pertinent part: "If either such employee or such employer brings such action against such third person, he shall forthwith notify the other, in writing, by personal presentation or by registered or certified mail, of such fact and of the name of the court to which the writ is returnable, and such other may join as a party plaintiff in such action within thirty days after such notification, and, if such other fails to join as a party plaintiff, his right of action against such third person shall abate. . . ." Clearly, the only objects of the transitive verb "notify" contained in § 31-293 are "of such fact," and "of the name of the court to which the writ is returnable." The word "such" in the object "of such fact" is an adjective, referring back to the last antecedent, "brings such action against such third person." See *LaProvidenza* v. *State Employees' Retirement Commission,* 178 Conn. 23, 27, 420 A.2d 905 (1979). Thus, under § 31-293, an employee or employer who brings a third party action must simply notify the other of two facts: (1) the fact that the action has been brought; and (2) the name of the court to which the writ in the action is returnable. The plain terms of the statute require no more.

Acme Chaston concedes that Winslow's letter and the copy of his complaint notified it of the fact that Winslow had brought a third party action, and of the name of the court to which the writ in that action was returnable. Nonetheless, Acme Chaston asserts that

notice in accordance with the terms of § 31-293 must also include advice regarding intervention rights as well as the legal consequences of untimely intervention. Acme Chaston would essentially have us treat as additional objects of the transitive verb "notify" the following clauses in § 31-293: "such other may join as a party plaintiff in such action within thirty days" and "if such other fails to join as a party plaintiff, his right of action against such third person shall abate."

An examination of the structure of § 31-293 reveals, however, that these independent clauses refer to a legal subject distinct from the subject which is burdened with the duty to notify. They create in "such other," the person who has not brought a third party action, the right to "join" in that action within a certain time period. In the portion of the statute that refers to the person who has brought the action and must provide notice to the other, there is no indication that such notice must include information regarding the other's right to intervene, or the time period in which it must be exercised. See generally J. Sutherland, Statutory Construction (4th Ed. Sands 1984) §§ 47.26, 21.07, 21.08. Consequently, we hold that notice in compliance with § 31-293 need not include information regarding the right to intervene and the legal consequences of a failure to intervene within the statutory time period.

In addition, there is no indication in § 31-293 that an employee must notify his employer of the compensation claim to which his third party action pertains, or of the date he was injured.[2] We therefore reject Acme Chaston's contention that a notice omitting these facts

---

[2] As we have noted, the copy of Winslow's complaint accompanying his letter to Acme Chaston contained an allegation that he had been employed by Acme Chaston at the time of his injuries. We need not decide in this case, therefore, whether General Statutes § 31-293 requires that the notice indicate an employment relationship between the person giving notice and its recipient, since this notice plainly contained that information.

is defective under § 31-293. The legislature's specific statement that notice must be given only of certain facts "connotes the legislative intent to exclude that which is not specifically stated." *State* v. *Kish,* 186 Conn. 757, 765, 443 A.2d 1274 (1982); see generally 2A J. Sutherland, supra, § 47.23. Moreover, "[i]t is not for this court to impose obligations not intended by the legislature." *Doe* v. *Institute of Living, Inc.,* 175 Conn. 49, 65, 392 A.2d 491 (1978). "The legislature is supreme in the area of legislation, and courts must apply statutory enactments according to their plain terms." *Federal Aviation Administration* v. *Administrator,* supra, 550. Accordingly, we cannot read additional notice obligations into the terms of § 31-293 merely because Acme Chaston deems notice of particular facts necessary for it to exercise its right to intervene in a timely fashion. Accord *Johnson* v. *Manson,* 196 Conn. 309, 315, 493 A.2d 846 (1985), cert. denied, 474 U.S. 1063, 106 S. Ct. 813, 88 L. Ed. 2d 787 (1986).

Since we have concluded that § 31-293 required that Winslow notify Acme Chaston of the fact that he had brought a third party action and of the court to which the writ in that action was returnable, and since Acme Chaston concedes that Winslow's letter and the copy of his complaint notified it that Winslow was an employee of Acme Chaston, we hold that Winslow provided Acme Chaston with notice in compliance with § 31-293.[3] Acme Chaston admittedly failed to intervene

---

[3] Acme Chaston has directed our attention to several Superior Court decisions that may be construed to support its claim that Winslow's notice was inadequate. See *Alves* v. *Frederick,* Superior Court, judicial district of Bridgeport, Docket No. CV88-0247086 (June 5, 1989); *DiBuccio* v. *Moulton,* Superior Court, judicial district of New Haven, Docket No. 257018 (August 2, 1988); *Goulette* v. *Houston,* Superior Court, judicial district of New Haven, Docket No. CV249326 (May 5, 1988). We have reviewed these decisions, none of which were appealed to this court, and to the extent that they construe General Statutes § 31-293 to require more extensive notice than we indicate here, we disapprove of them.

in the third party action within thirty days of its receipt of Winslow's letter and the copy of his complaint, and as a result, Acme Chaston's right of action against the third parties abated, and it consequently "lost any right [it] may have had in [Winslow's] third party recovery. General Statutes § 31-293; *Ricard* v. *Stanadyne, Inc.*, [supra, 323]; *Olszewski* v. *State Employees' Retirement Commission,* [supra, 325]." *Skitromo* v. *Meriden Yellow Cab Co.*, 204 Conn. 485, 489, 528 A.2d 826 (1987). Therefore, we hold that the trial court properly denied Acme Chaston's motion to intervene in the third party action.

The judgment is affirmed.

In this opinion the other justices concurred.