[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO INTERVENE FOR PEPSI COLA AS CO-PLAINTIFF AND TO FILE INTERVENING COMPLAINT
This is a negligence action filed by the plaintiff on January 12, 1990, in which the plaintiff seeks damages for injuries which he alleges he incurred when he slipped and fell on snow and ice on premises owner by or occupied by the defendants. The plaintiff further alleges that at the time of the fall he was making a delivery to such premises while in the course of his employment with Pepsi Cola.
On October 10, 1990, Pepsi Cola filed a motion to intervene as co-plaintiff and to file an intervening complaint on the basis that it paid workers' compensation benefits to the plaintiff. The plaintiff objects to the motion to intervene for the reason that Pepsi Cola was notified pursuant to General Statutes Section 31-293 of the pendency of this action on March 13, 1990 and it failed to file as an intervenor within thirty days of said notification.
Section 31-293 provides in pertinent part:
 If either such employee or such employer brings such action against such third person, he shall forthwith notify the other, in writing, by personal presentation or by registered or certified mail, of such fact and of the name of the court to which the writ is returnable, and such other may join as a party plaintiff in such action within thirty days after such notification, and, if such other fails to join CT Page 1698 as a party plaintiff, his right of action such third person shall abate.
Under Section 31-293 an employer who has paid workers' compensation benefits to an employee has a right to join as a party plaintiff in actions by the employee against third party tortfeasors, provided that the right is exercised in a timely fashion. Winslow v. Lewis Shepard, Inc., 216 Conn. 533, 537, (1990). (A)n employee or employer who brings a third party action must simply notify the other of two facts: (1) the fact that the action has been brought; and (2) the name of the court to which the writ in the action is returnable." Id. at 538.
Pepsi Cola attacks the sufficiency of the plaintiff's notice because it was not specifically addressed to any particular person at Pepsi Cola such that it could be brought to an individual's attention in order that the notice could be responded to by the employer. Pepsi Cola's argument is based upon the fact that the salutation in the plaintiff's notice was "Dear Sir or Madam".
Pepsi Cola cites only two cases in support of its position: Goulette v. Houston, Superior Court, Judicial District of New Haven, DN 249326 (May 5, 1988) (salutation "Ladies and Gentlemen"), and Alves v. Frederick, 4 CSCR 550
(July, 1989) (salutation "Sir or Madam").
The Supreme Court in Winslow, after reviewing these precise decisions, stated at page 540, footnote 3:
 (T)o the extent that they construe General Statutes Sec. 31-293 to require more extensive notice than we indicate here, we disapprove of them.
Based on the language of Section 31-293 and the authority of Winslow, the court finds that notice to a particular representative of an employer is not required under Section 31-293 and that the thirty day period for intervention by Pepsi Cola began on March 13, 1990. Therefore, the motion to intervene filed October 10, 1990 is untimely.
For the reasons stated above, the motion to intervene for Pepsi Cola as co-plaintiff and to file intervening complaint is denied.
HENDEL, J. CT Page 1699