[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Mary M. Kane, a visiting nurse, on December 18, 1990 filed this three count complaint seeking damages for injuries she sustained as a result of a fall on defendants' property. At the time of this mishap, Mary Kane was employed by the Visiting Nurse and Home Care, Inc. of Waterbury, Connecticut and subsequent to the accident, claimed and received workers' compensation benefits. After this complaint was filed, Kane by her attorney, gave written notice under date of December 20, 1990 to her employer in accordance with the mandate of 31-293 of our Workers' Compensation Act. This notice was contained in a letter addressed by plaintiff's counsel to the Visiting Nurse and Home Care, Inc. at 100 Jefferson Square in Waterbury, Connecticut. It is agreed that this letter was received via certified mail by Visiting Nurse and Home Care, Inc. on December 28, 1990. Transcript, oral argument March 3, 1991 at 3-4.
On February 14, 1991, Visiting Nurse and Home Care, Inc., Kane's employer, filed a motion to intervene to recoup in this action the benefits it has paid under the Connecticut Workers' Compensation Act and Kane objected to the intervention on the basis that more than 30 days had elapsed since Visiting Nurse and Home Care, Inc. received the written notice of the pendency of this action.
Although this motion to intervene has been filed more than the thirty days specified in 31-293, the Visiting Nurse Association and Home Care, Inc. urges us to overrule the objection for two reasons: first, the written notice was incorrectly addressed to the intervenor's former address; and second, the plaintiff's December 20, 1990 letter to the Visiting Nurse and Home Care, Inc. by plaintiff's counsel constituted a communication to a party known to him to be already represented by counsel and thus a violation of Rule 4.2 of the Rules of Professional Conduct. We are not persuaded by either reason. CT Page 4699
While the written notice required by 31-293 was misaddressed, the letter itself via certified mail was forwarded by the postal authority and served upon the Visiting Nurse and Home Care, Inc. at its then current address on December 28, 1990. We think this is good service under 31-293 and also 31-321. Further, since Kane was mandated by law to make this type of service, her counsel's conduct in serving the letter/notice via certified mail is not, in our opinion, a violation of 4.2 of the Code of Professional Conduct.
Since the motion to intervene is filed beyond the thirty days mandated by 31-293 of our statutes, Visiting Nurse and Home Care, Inc.'s right of action to intervene has abated and the objection to the motion for intervention is sustained. Winslow v. Lewis Shepard, Inc., 216 Conn. 533, 540-41 (1990).
So ordered.
WILLIAM PATRICK MURRAY A Judge of the Superior Court