[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On February 14, 1989, the plaintiff, Sylvia Yankus, filed a one count complaint against the defendant Tobin Corporation CT Page 7709 seeking damages for injuries allegedly sustained as a result of a slip and fall in the cafeteria at Teikyo-Post University, Waterbury, Connecticut. The plaintiff was an employee of Teikyo-Post University at that time. On May 3, 1989, the plaintiff filed a revised complaint.
On June 20, 1991, the plaintiff's employer, Teikyo-Post University, filed a motion to intervene and an intervening complaint. The intervening plaintiff seeks to join as party plaintiff in this action by an employee in order to recover sums paid and further sums that may be paid to the employee under the Connecticut Workers' Compensation Act. The intervening plaintiff argues in support of its motion that the plaintiff did not properly notify the employer of this third party action pursuant to Connecticut General Statutes Section 31-293. Specifically, the intervening plaintiff argues that it received notice of the third party action prior to the plaintiff's filing of the third party action in violation of the statute. Thus, the intervening plaintiff argues that its motion to intervene is not time barred by Connecticut General Statutes Section 31-293 since it did not receive statutory notice after the suit was filed.
On June 26, 1991, the plaintiff filed an objection to the motion to intervene and a memorandum of law in support thereof. The plaintiff also submitted a copy of the notice sent to her employer by certified mail, return receipt requested. The copy of the return receipt indicates that Teikyo-Post College received notice on February 13, 1989. The plaintiff argues that the intervening plaintiff received proper notice pursuant to Connecticut General Statutes Section 31-293 (a). Thus, the plaintiff argues that since the intervening plaintiff did not move to join as a party plaintiff within thirty days after notification of the commencement of the suit, his right of action abates in accordance with Connecticut General Statutes Section 31-293 (a).
"General Statutes Section 31-293 grants to an employer who has paid workers' compensation a right to join as a party plaintiff in actions by employees against third party tortfeasors; provided that the right is exercised in a timely fashion." (citations omitted). Winslow v. Lewis-Shepard, Inc., 216 Conn. 533,537 (1990). "If [an] employee. . .brings such action against such third person, he shall forthwith notify the other [employer], in writing, . . .of such fact. . .and such other [employer] may join as a party plaintiff in such action within thirty days after such notification. . . ." Connecticut General Statutes Section 31-293 (a). The employer's right of action abates if the employer fails to join as a party plaintiff within that time period. Id. An employee who brings a third party action must simply notify the employer of: "(1) the fact that the action has been brought; and (2) the name of the court to which the writ in the action is CT Page 7710 returnable." Winslow, 216 Conn. at 538.
An action is commenced in a Connecticut court when the action is served. See Connecticut Fund for the Environment, Inc. v. UpJohn Co., 660 F. Sup. 1397, 1403 (D.Conn. 1987); McGaffin v. Roberts, 193 Conn. 393, 401 n. 9 (1984), cert. denied, 470 U.S. 1050,105 S.Ct. 1747, 84 L.Ed.2d 813 (1985); Valley Cable Vision, Inc. v. Public Utilities Comm'n. , 175 Conn. 30, 33 (1978).
The intervening plaintiff in the present action properly received notice of the third party action on February 13, 1989, pursuant to Connecticut General Statutes Section 31-293 (a). The plaintiff in the present action served the defendant, Tobin Corporation, on February 4, 1989, which commenced this third party action. The intervening plaintiff's agreement that it did not receive notice of the fact that the action had been brought is without merit. Furthermore, the language of Connecticut General Statutes Section 31-293 does not require the filing of an action before notice is given. The plaintiff complied with the statutory notice requirement set forth in Winslow.
The motion to intervene is denied because it was filed more than thirty days after notification and its right to join as a party plaintiff has abated.
So ordered.
LANGENBACH, J.