[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO INTERVENE
This action arises from a motor vehicle collision from which the plaintiff claims injuries and damages. The accident occurred on October 12, 1988, and litigation commenced with the filing of a suit on July 6, 1990.
The plaintiff's employer has moved to intervene pursuant to Connecticut General Statutes Section 31-293 to recover workers compensation payments made on plaintiffs behalf. The Motion to Intervene was filed November 7, 1990; and plaintiff's objection filed November 28, 1990 raises the issue of the timeliness of that motion to intervene.
Connecticut General Statutes Section 31-293 requires in this type of case, notice to the employer by the employee, which allows the employer to intervene within 30 days of such notice. Failure to give the required notice allows the employer to intervene at any point in the litigation, Misiurka v. Maple Hill Farms, Inc. 15 Conn. App. 381 at 385
(1988).
The employer asserts that it ceased doing business as of May 8, 1990 and had a formal mailing address of P.O. Box 1151, Glastonbury, Connecticut.
Plaintiff sent a letter of June 21, 1990 to Intelec, Inc., 655 Winding Brook Drive, Glastonbury, CT 06033. The CT Page 6689 letter was received on June 28, 1990 as evidenced by a returned receipt card from the U.S. Postal Service. A subsequent notice was sent on July 9, 1990 to Intelec, Inc.'s Trustee in Bankruptcy and received July 12, 1990.
The practice followed by the plaintiff of attaching a copy of the complaint to the notice was found by our Supreme Court to satisfy the content requirement of Connecticut General Statutes Section 31-293, Winslow v. Lewis Shepard, Inc. 216 Conn. 533, 540 (1990).
The address to which the notice was initially sent was an address listed by Intelec, Inc. in the telephone directory. The signature on the receipt for such notice matches that of Jeffrey Curreri, who in his affidavit of January 30, 1992 identifies himself as the President of Intelec, Inc.
The notices given to Intelec, Inc. in June and July 1990 were sufficient for purposes of 31-293. The statute is concerned more with actual notice rather than notice to a designated "formal" headquarters, see Kane v. Brundage.4 Conn. L. Rptr. 150 (6-17-91,) Murray, J.).
The motion to intervene is denied.
BY THE COURT.
Hon. Robert F. McWeeny, Superior Court Judge