[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The City of Bridgeport has filed a motion (#125.75) to intervene as a co-plaintiff in this action. The plaintiff, Cristino Calderone, objects on the ground that the city has forfeited its right to intervene for failure to comply with the time requirements of General Statutes 31-293.
The plaintiff commenced this action on May 13, 1991. The complaint contained two counts, and named two defendants, Willie Haus a/k/a Willie House, and the City of Bridgeport. In the first count, plaintiff alleges that he was injured when the bucket of a payloader, which was owned by the city and operated by defendant Haus while in the employ of the city, struck a truck also owned by the city in which plaintiff was a passenger. The second count alleges that neither Haus nor the city ever filed motor vehicle accident reports with the commissioner of motor vehicles or the city's police department, thus conspiring, according to the plaintiffs to obstruct his "pursuit of justice" and to deny him "due process of law."
General Statutes 31-293 states in pertinent part that if an CT Page 8717 employee, such as the plaintiff in this case, who is receiving workers' compensation from his employer, brings a third party action, he must notify his employer in writing, registered or certified mail, of the commencement of such suit and the court where the action is pending. The statute adds that the "other [the employer city in this case] may join as a party plaintiff in the action within thirty days after such notification, and, if the other fails to join as a party plaintiff, his right of action against the third person shall abate."
The city concedes in its motion of June 23, 1992, that the "City was notified of [the bringing of the third party action by plaintiff against Haus] on or about May 13, 1991." The city does not claim that the notice failed to comply with General Statutes31-293, for the notice specifically advised the city that the plaintiff was bringing an action against Haus in the Superior Court in this judicial district. See Winslow v. Lewis-Shepard, Inc.,216 Conn. 533, 540, 582 A.2d 1174 (1990). It is clear, therefore, that the city forfeited its right to intervene as a co-plaintiff to recover workers compensation payments it made to the plaintiff, because its attempt to intervene came on June 23, 1992, over thirteen months after being properly notified of plaintiff's commencement of a third party action against Haus.
The city claims that it is not bound by the thirty day limitation period on the right to intervene because it was already a defendant. The city argues that language in General Statutes 31-293, viz., "[i]n any case in which an employee brings an action against a third party in accordance with the provisions of this section, and the employer is a party defendant in the action, the employer may join as a party plaintiff in the action," constitutes an exception to the thirty day rule and permits intervention at any time. I read the statute, however, as requiring all employers to comply with the thirty day provision, and the fact that such employer is a defendant in the action does not constitute an exception to the rule. The statute simply makes it clear that an employer who is already a defendant is not precluded from joining as a co-plaintiff in order to recover workers' compensation. In Gurliacci v. Mayer, 218 Conn. 531, 538-39,590 A.2d 914 (1991), the municipality was a defendant and intervened as a co-plaintiff as well. The city asserted that it was not bound by the "statutory thirty-day requirement for intervention" not because it was a defendant, but rather "because the plaintiff had never served it with statutory notice." Id. It seems implicit that the court would have imposed the thirty day rule had timely notice been given to the employer. Therefore the motion of the City of Bridgeport to intervene as a co-plaintiff in this action is denied. CT Page 8718
So Ordered.
Dated at Bridgeport, Connecticut, this 17th day of September, 1992.
William B. Lewis, Judge