[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO INTERVENE
Because the court finds plaintiff's employer did not intervene within the statutory thirty days of proper notice to it, the Motion to Intervene is denied and the objection to intervention is sustained.
Section 31-293 of the General Statutes grants an employer, that has paid worker's compensation benefits to an employee, a right to intervene in the employee's action against third party tort feasors within thirty days of receiving notice from the employee of the institution of the action. On June 10, 1992 the plaintiff Scrivenes' employer, Petco, received the following notice dated June 8, 1992:
Re: Your Former Employee: Joseph Scrivenes CT Page 364
Dear Sir/Madam:
 With reference to your former employee captioned above, please be advised that Mr. Scrivenes has commenced an action against Pepperidge Farm, Incorporated. This action is returnable to the Superior for the Judicial District of Ansonia/Milford at Milford, 14 West River Street, Milford, Connecticut.
Neither the plaintiff nor the employer dispute that this notice was given and received but the employer claims that it did not suffice to trigger the shutting of the thirty day window within which it was required to intervene in the premises liability action Scrivines had brought against Pepperidge Farm.
The employer's argument is that the plaintiff was required by31-293 to: (1) describe the type of action filed as a third party action; (2) reference the date of the plaintiff's accident; (3) set out the action as one for the recovery of damages and/or cite 31-293
in the notice. Finally, the employer asserts that reference to Mr. Scrivenes as a former employee misled the employer.
First, the Court finds that the notice given sufficed to apprise the employer that an action had been brought. Since Petco was Scrivenes' employer and plaintiff was not bringing the action against either Petco or himself there was only one logical conclusion to draw from the letter to Petco informing it that the plaintiff had brought an action against Pepperidge Farm, and that was that the employee Scrivenes had brought a third party legal action against the third party Pepperidge Farm; (2) The intervention statute does not require the date of accident to be set out. c.f. General Statute 31-293. Winslow v. Shepard,216 Conn. 533, 538; (3) The plaintiff was not required to cite 31-293
in the notice, nor was he required to state he was claiming damages. He was required only to notify the employer of two facts: (1) "the fact that the action had been brought; (2) the name of the court to which the court in the action is returnable." Winslow v. Lewis-Shepard, 216 Conn. 533, 538; Bellini v. Mastrianni Enterprises, Inc., Superior Court, Judicial District of Waterbury, Docket No. 082145 (February 11, 1992) Gaffney, J.; (4) The court finds the intervening employer has not proved to the court its assertion that it was in any way misled by reference to plaintiff Scrivenes as a "former employee" when as of the date of the letter he had been "laid off". CT Page 365
It is clear that the employer did not move to intervene within thirty days of the notice to it but waited until seventy-eight days after notice. Since the court finds the notice given sufficed, the Motion to Intervene is therefore DENIED.
FLYNN, J.