[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO INTERVENE (#118)
"`General Statutes 31-293 grants to an employer who has paid worker's compensation a right to join as a party plaintiff in actions by employees against third party tortfeasors . . . provided that the right is exercised in a timely fashion.'" (Citations omitted.) Winslow v. Lewis-Shepard, Inc., 216 Conn. 533,537, 582 A.2d 1174 (1990). Section 31-293 provides, in pertinent part, that
 [i]f either the employee or the employer brings an action against the third person, he shall immediately notify the other, in writing by personal presentation or by registered or certified mail, of the action and of the name of the court to which the writ is returnable, and the other may join as a party plaintiff in the action within thirty days after such notification . . . .
However, "[a]n employer who does not receive notice from an employee . . . in accordance with 31-293 "[cannot] be barred from intervening by the passage of the time which this statute prescribes, because, until notice is given, the time does not begin to run.'" (Citation omitted.) Id.
In opposition to E F Construction Company's motion to intervene, the plaintiff's argue that because E F Construction failed to intervene within thirty days of receipt of notice, any right it had to intervene has abated as a matter of law. Once statutory notice has been given by the employee to the employer, the employer has thirty days to intervene or "his right of action against the third party shall abate." CT Page 4325 (Emphasis added.) General Statutes 31-293(a). In support of their position, the plaintiffs filed a copy of the letter of notice along with a certified mail return receipt bearing the signature of an employee of E F Construction. The return receipt establishes that E F Construction received notice on November 25, 1991. Since E F Construction did not move to intervene until June 16, 1992, almost seven moths after receipt of notice, it lost its right to intervene.
E F Construction failed to file a brief in support of its position. However, at oral argument on February 1, 1993, E F Construction argued that in November 1991, when notice was received, it was in Chapter 11 bankruptcy, and therefore, the notice should have been sent to the trustee in bankruptcy assigned by the court.
However E F Construction admits that there was no court appointed trustee at that time to whom notice may have been sent. Further E F Construction cited no authority for its claim and extensive research has revealed none. In addition, the statute is concerned more with actual notice rather than notice to any particular representative of the employer. See Rourke v. Sussman, 3 Conn. L. Rptr. 257 (February 6, 1991, Hendel, J.).
It is undisputed that notice was received by E F Construction on November 25, 1991. The thirty day period for intervention began on November 25, 1991, and the motion to intervene filed June 16, 1992 is untimely.
The motion to intervene is denied.
BALLEN, JUDGE