[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON THIRD PARTY EMPLOYER'S MOTION TO INTERVENE
FACTUAL BACKGROUND
On November 26, 1991, the plaintiff, Vincent DeMayo, filed a complaint sounding in negligence against the defendant, Matthew DeMaio. The action arises out of an auto collision between the plaintiff, who was driving a truck owned by his employer, DeCola's Plumbing and Heating, Inc., and the defendant's car. The plaintiff received worker's compensation as a result of the accident.
On December 20, 1991, notice pursuant to General Statute31-293 was sent to "DeCola's Plumbing Heating," (DeCola's). (Plaintiff's Exhibit A). The notice was received on December 23, 1991. (Plaintiff's Exhibit B). CT Page 3364
On February 14, 1994, DeCola's, as the plaintiff's employer, filed a motion to intervene as co-plaintiff to recover monies expended for plaintiff's worker's compensation claim. Anticipating objection by the plaintiff due to the untimely filing, DeCola argues in its memorandum in support of its motion that because notice was sent to "DeCola's Plumbing Heating" and not to "DeCola's Plumbing and Heating, Inc.," the notice was insufficient to trigger the 30 day window for intervention under General Statutes 31-293, and therefore, it's right to intervene has not abated.
On February 16, 1994 the plaintiff filed an objection to the motion to intervene with a memorandum of law and several exhibits including the letter of notice and the postal return receipt. The plaintiff argues that DeCola's received actual notice. Further the plaintiff argues that DeCola's holds itself out to the public as "DeCola's Heating Plumbing," as evidenced by it's truck logos, letterhead, correspondence and documents filed with the Worker's Compensation Commission. (Plaintiff's Exhibits A-E). The plaintiff argues that by concealing the "Inc.," DeCola's is in violation of General Statute 33-287 which requires that the corporation be identified in its name.
LEGAL DISCUSSION
General Statutes 31-293 provides in relevant part:
 If either the employee or employer brings an action against the third person, he shall immediately notify the other, in writing, by personal presentation or by registered or certified mail, of the action and of the name of the court to which the writ is returnable, and the other may join as a party plaintiff in the action within thirty days after such notification, and if the other fails to join as a third party plaintiff, his right of action against the third party shall abate.
(Emphasis added.) CT Page 3365
"[General Statutes] 31-293 unambiguously prescribes the necessary ingredients of notice." Winslow v. Lewis-Shepard, Inc.,216 Conn. 533, 538, 582 A.2d 1174 (1990). "[U]nder 31-293, an employee or employer who brings a third party action must simply notify the other of two facts: (1) the fact that the action has been brought; and (2) the name of the court to which the writ in the action is returnable." Id. Furthermore, "[n]otice provisions are generally construed liberally in favor of a claimant who is attempting to establish compliance with their terms . . . ." (Citations omitted.) Fraser v. Henninger, 173 Conn. 52, 59, 376 A.2d 406
(1977).
 "Although one purpose of 31-293 is to avoid double recovery, it does not protect those who are less than vigilant in safeguarding their own legal rights. The imperfection is not in the statute which provides a simple means of effectuating the rights created, but in those who fail to avail themselves of its benefits for no justifiable reason."
(Citation omitted.) Skitromo v. Meriden Yellow Cab Co., 204 Conn. 485,490, 528 A.2d 826 (1987).
Our Supreme and Appellate Courts consistently have held that substantial compliance with statutory notice provisions is sufficient. See, e.g., Dubois v. General Dynamics Corporation,222 Conn. 62, 67, 607 A.2d 431 (1992) (used substantial compliance to test the sufficiency of the contents of notice under General Statutes 31-297, part of the Workers' Compensation Act); Okee Industries v. National Grange Mutual Ins., 225 Conn. 367, ___ A.2d ___
(1993) (permitted a subcontractor to sue on a surety bond despite its failure to comply precisely with the notice requirements of General Statutes 49-42(a)); Belanger v. Village Pub I, Inc., 26 Conn. App. 509, 603 A.2d 1173 (1992) (the defendant's argument that the plaintiff's dram shop complaint was defective because it did not name a defendant seller as a permittee was without merit since defendant received actual notice which complied with General Statutes 30-120).
In the present case, DeCola's admits that it actually received the notice sent by the plaintiff. DeCola's argument with respect to the plaintiff's failure to include "Inc." in the notice is without merit. The notice supplied by the plaintiff apprises CT Page 3366 DeCola's that an action had been brought, and the court to which it was returnable; therefore, the notice satisfies 31-293.
DeCola's motion to intervene (#112) must be denied. In light of the passage of over two years from the time of notice, the employer's highly technical argument simply cannot be sustained.
CONCLUSION
Based on the foregoing, the third party employer's motion to intervene (#112) is denied.
So ordered.
Michael Hartmere, Judge