[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO INTERVENE
The plaintiff brings this action against one Robert Abrams, Trustee and against United Truck leasing Corp. for personal injuries allegedly sustained on June 23, 1994. Process was served on May 24, 1996.
The employer of the plaintiff, described in this motion as Rollins Leasing Corp., filed an intervening complaint, a memorandum in support of its Motion for Leave to Intervene and a document captioned Intervention by Rollins Leasing Corp., all of which were filed on October 31, 1996. The plaintiff objects to the intervention by Rollins Leasing Corp. The plaintiff claims that it gave notice by certified mail to the name "Rollins Truck Leasing" on June 20, 1996, and attaches copies of the certified mail sent to that name. The plaintiff claims that because the requesting intervening employer Rollins Leasing Corp. did not intervene within thirty days of that letter to the name "Rollins Truck Leasing" the employer Rollins Leasing Corp. is barred from intervention by virtue of failure to intervene within the thirty days after notification provisions of General Statutes § 31-293.
General Statutes § 31-293 provides, in pertinent part: "If either the employee or the employer brings an action against the third person, he shall immediately notify the other . . ." The plaintiff employee does not contend, in its CT Page 1236 opposition to this motion, that the proposed intervenor Rollins Leasing Corporation is not the employer of the plaintiff employee. Nor does he contend that the name "Rollins Truck Leasing" to whom he sent the letter is the employer.
"The legislature is supreme in the area of legislation, and the courts must apply statutory enactments according to their plain terms." Winslow v. Lewis-Shepard, Inc.,216 Conn. 533, 540 (1990). The notice sent to the name "Rollins Truck Leasing" does not comply with the statute. It was not notice directed to the employer Rollins Leasing Corporation.
This matter is dealt with specifically by the Supreme Court in the case of Gurliacci v. Mayer, 218 Conn. 531 (1991). "an employer who does not receive notice from an employee concerning the institution of a third party action in accordance with § 31-293 cannot be barred from intervening by the passage of time which this statute prescribes, because until notice is given, the time does not begin to run."Gurliacci v. Mayer, supra, p 578. Even the fact that some person affiliated with the employer may have known of the commencement of the action does not constitute compliance with this notice requirement. Gurliacci v. Mayer, supra, p. 578, 579.
Under circumstances of this nature, the circumstances of the present case, the employer is not required hereafter to await receipt of a proper formal notice from the employee. To hold otherwise would allow a hypothetical employee to forever thwart the employer s intervention by forebearing to ever give notice.
Following the procedure approved by the Supreme Court in these circumstances, the court allows the intervention of the employer, grants the motion to intervene and overrules the plaintiff's objection to intervention by the employer Rollins Leasing Corp. Gurliacci v. Meyer, supra, p. 577, 578.
Sullivan, J. CT Page 1237