[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Memorandum Filed July 17, 1997
In this legal malpractice action the plaintiff seeks to recover damages from the defendants for their failure to properly prosecute a personal injury action on behalf of the plaintiff's decedent. The personal injury action arose when the plaintiff's decedent was allegedly injured by a third party during the course CT Page 7903 of his employment with Perri Sausage.
These two motions address the intervention by Perri Sausage in this action. Perri Sausage moved to intervene pursuant to General Statutes § 31-293. This court allowed the intervention over objection.[1] The intervening complaint requests the following:
 7. The plaintiff, Debra Pinney, has instituted an action known as a third party action under the terms of Connecticut General Statutes Section 31-293, entitled Debra Pinney v. Prescott May, et al, Return Date: October 1, 1996, Judicial District of New Haven at Meriden, to recover damages for which the named defendant is alleged to be legally liable.
The co-plaintiff claims that any damages received in said action shall be so paid and apportioned so that it will be reimbursed from them for the amounts it has paid and may become obligated to pay under the Workers' Compensation Act.
Motion #118 — Defendants' Motion to Strike
The defendants move to strike the intervening complaint on the grounds that 1) the defendants owed the intervening plaintiff no duty of care, and 2) the complaint does not fall within the purview of General Statutes § 31-275.
A motion to strike challenges the legal sufficiency of a pleading. P.B. § 152. "Like the demurrer it admits all facts well pleaded." Mingachos v. CBS, Inc., 196 Conn. 91, 108 (1985). Further, the facts as pleaded in the complaint must be construed most favorably towards the plaintiff. Gordon v. BridgeportHousing Authority, 208 Conn. 161, 170 (1988). Accordingly, if the facts provable under the allegations support a cause of action, the motion must fail.
The allegations of the intervening complaint are not addressed to the defendant. Perri Sausage seeks an apportionment of damages recovered by the plaintiff. In light of the allegations and the case law, the court agrees with Perri Sausage that the defendant has no standing to bring this motion. CT Page 7904
"The employer's only interest in the litigation is a statutory right to reimbursement of money paid to the employee,should the employee prevail in an action against a third partytortfeasor." Hallenback v. St. Mark the Evangelist Corp.,29 Conn. App. 618, 624-25 (1992); see also Stavola v. Palmer,136 Conn. 670, 677 (1950). Since Perri Sausage has alleged no direct claim against the defendants, nor have the defendants suggested any, the defendants are not the proper parties to bring this motion. Investors Mortgage Co. v. Rodia, 31 Conn. App. 476, 479
(1993). "It has long been recognized that a person is not `entitled to set the machinery of the courts in operation except to obtain redress for an injury he has suffered or to prevent an injury he may suffer, either in an individual or a representative capacity.' Bassett v. Desmond, 140 Conn. 426, 430, 101 A.2d 294
(1953). Standing is aptly described as `a practical concept designed to ensure that courts and parties are not vexed by suits brought to vindicate nonjusticiable interests. . . .' Maloney v.Pac, supra." Nye v. Marcus, 198 Conn. 138, 141-42 (1985). Accordingly, the Motion to Strike is denied.
Motion #119 — Plaintiff's Motion to Dismiss
The plaintiff moves to dismiss the intervening complaint on the grounds that Perri Sausage lacks standing to assert a claim on this action. Specifically, the plaintiff argues that since the injuries allegedly caused by the defendant did not arise out of the plaintiff's decedent's employment, Perri Sausage has no viable claim for an apportionment of any damages recovered by the plaintiff. A motion to dismiss asserts that as a matter of law and fact a party cannot state a cause of action that should be heard by the court. Gurliacci v. Mayer, 218 Conn. 531, 544 (1991). Since standing implicates a court's subject matter jurisdiction, it may be raised at any point in the judicial proceeding. StamfordHospital v. Vega, 236 Conn. 646, 656 (1996).
Perri Sausage argues that its intervention is proper under General Statutes § 31-293 since it paid compensation to the plaintiff's decedent for work related injuries.
 "General Statutes 31-293 grants to an employer who has paid workers' compensation a right to join as a party plaintiff in actions by employees against CT Page 7905 third party tortfeasors; Robinson v. Faulkner, 163 Conn. 365, 377, 306 A.2d 857 (1972); provided that the right is exercised in a timely fashion. Olszewski v. State Employees' Retirement Commission, 144 Conn. 322, 325, 130 A.2d 801
(1957)." Ricard v. Stanadyne, Inc., [181 Conn. 321, 323, 435 A.2d 352 (1980)].
Winslow v. Lewis-Shepard, Inc., 216 Conn. 533, 537,582 A.2d 1174 (1990). It argues further that granting the plaintiff's motion to dismiss would run contrary to one of the purposes behind the workers compensation statutory scheme: to avoid double recovery.
 By authorizing "an employer to obtain reimbursement for workers' compensation benefits from a third party tortfeasor . . . [31-293] implements the public policies of preventing double recovery by an injured employee; Durniak v. August Winter Sons, Inc., 222 Conn. 775, 779-80, 610 A.2d 1277 (1992); and thereby containing the cost of workers' compensation insurance." Quire v. Stamford, 231 Conn. 370, 375, 650 A.2d 535 (1994).
Rana v. Ritacco, 236 Conn. 330, 335 (1996).
Here, the action is not against the third party tortfeasor who caused the personal injury to the plaintiff's decedent. Rather it is against the attorney who unsuccessfully pursued the third party tortfeasor:
 16. As a direct and proximate result of the carelessness and negligence of the Defendants, their agents, servants and/or employees, the Plaintiff's decedent and his estate are barred from pursuing any and all causes of action against the third parties responsible for the injuries and loss sustained by the Plaintiff's decedent on October 15, 1990, all to their financial detriment.
Amended Complaint dated April 24, 1997.
Thus, the injury that is the subject of this legal malpractice action is not the personal injury suffered by the plaintiff's decedent; rather it is the loss of the right of action against CT Page 7906 the third party tortfeasor. There is no claim by Perri Sausage that it paid compensation for the damages allegedly caused by the defendants May and May Stanek, P.C. General Statutes § 31-293
provides Perri Sausage with a claim of reimbursement in the action against the third party causing the personal injury[2]. It reads in part, "The claim of the employer shall consist of (1) the amount of any compensation which he has paid on account of the injury which is the subject of the suit." The statute does not provide for claims for other injuries in other lawsuits.
 We are mindful when inspecting the statutory text that "the intent of the legislature is to be found not in what it meant to say but in what it did say." Federal Aviation Administration v. Administrator, 196 Conn. 546, 549-50, 494 A.2d 564
(1985). "When the language of the statute is plain and unambiguous, we need look no further than the words themselves because we assume that the language expresses the legislature's intent." State v. White, 204 Conn. 410, 421, 528 A.2d 811 (1987).
Winslow v. Lewis Shepard, Inc., 216 Conn. 533, 537, 538 (1990). The language of § 31-293 does not include the intervention of the employer in a suit brought against a party not responsible for the work-related injury.
As to the concern of double recovery, the court does not see the plaintiff here recovering the damages that would include the monies paid out by Perri Sausage. While the measure of damages in this legal malpractice action would be the value of the underlying personal injury lawsuit, that lawsuit included Perri Sausage as an intervening plaintiff and presumably the award of damages in this action, if any, would reflect the effect of that intervention.
For the foregoing reasons, the Motion to Dismiss is granted.
DiPENTIMA, J.
RULING Re: MOTION TO STRIKE #123
DIPENTIMA, J. CT Page 7908
The apportionment defendants McGann, Bartlett and Brown and Richard S. Bartlett, Esq. move to strike the apportionment complaint on the grounds that 1) they cannot be found liable to the plaintiff as required under P.A. 95-111 and 2) P.A. 95-111 does not apply to legal malpractice actions. The court agrees with the first ground and accordingly need not address the second.
A motion to strike challenges the legal sufficiency of a pleading. P.B. § 152. "Like the demurrer it admits all facts well pleaded." Mingachos v. CBS, Inc., 196 Conn. 91, 108 (1985). Further, the facts as pleaded in the complaint must be construed most favorably towards the plaintiff. Gordon v. BridgeportHousing Authority, 208 Conn. 161, 170 (1988). Accordingly, if the facts provable under the allegations support a cause of action, the motion must fail.
In this legal malpractice action, the defendants served the apportionment complaint[1] on these defendants, who represented Perri Sausage in the underlying personal injury action. The personal injury action arose when the plaintiff's decedent was allegedly injured by a third party during the course of his employment with Perri Sausage. The apportionment complaint alleges that the injury or damages suffered by the intervening plaintiff Perri Sausage were caused by the negligence and carelessness of the apportionment defendants. Specifically, the pertinent paragraphs of the apportionment complaint read:
 19. At all times pertinent herein, if the intervening plaintiff, Perri Sausage, Inc., suffered any injury or damage as alleged in the intervening complaint, said injury or damage was proximately caused by the active negligence of the apportionment defendants, Richard S. Bartlett and McGann, Bartlett Brown, rather than by any alleged negligence on the part of the defendants, Prescott May and May Stanek, P.C.
 20. Therefore, in the event that the intervening plaintiff succeeds in its claims in the instant lawsuit, then the undersigned defendants are hereby entitled to an apportionment of liability for each party's proportionate share of responsibility and damages, pursuant to Connecticut General Statutes CT Page 7909 § 52-572h(c).
The complaint contains no allegations of the apportionment defendants' liability as to the plaintiff, but only as to the intervening plaintiff. In light of the court's ruling dismissing the intervening complaint (Ruling Re: Motion #119 7/17/97), the allegations contained in the above noted paragraphs 19 and 20 no longer state a cause of action, and the court need not address the applicability of P.A. 95-111 to an action in which liability is alleged as to an intervening plaintiff.
The motion to strike is granted.
DiPentima, J.