[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO INTERVENE #107
CT Page 11548
The plaintiff, Community Systems, Inc., brought a three-count complaint against the defendants, Braun Company, Healey Ford-Lincoln-Mercury, Inc., and Advanced Wheels of Technology in which the plaintiff alleges that it incurred damages as a result of the defendants' conduct. Specifically, the plaintiff alleges that it had previously paid worker's compensation benefits to Earl Brewer, an employee of the plaintiff, after Brewer was injured by an allegedly defective product that was placed into the stream of commerce by the defendants.
The employee, Earl Brewer, has now, pursuant to § 31-293, filed a motion to intervene as party plaintiff. The defendant Braun Company (hereinafter "Braun") objects to the motion to intervene on the ground that the intervening complaint is untimely.
General Statutes § 31-293 states, in pertinent part, that "[i]f the employee, the employer or the custodian of the Second Injury Fund brings an action against such person [responsible for the injury], he shall immediately notify the others, in writing, by personal presentation or by registered or certified mail, of the action . . . the others may join as parties plaintiff in the action within thirty days after such notification, and, if the others fail to join as parties plaintiff, their right of action against such person shall abate." General Statutes § 31-293.
In the present case, the plaintiff notified the other parties as required by statute. A review of the file indicates that Earl Brewer was notified by registered mail, signed and accepted by his wife, on May 29, 1999. The intervening complaint, however, was filed on June 29, 1999 and thus, as pointed out by Braun in its objection to the motion to intervene, is beyond the thirty day limit imposed by § 31-293.
In reply to Braun's objection, however, Brewer has filed an affidavit, accompanied by another affidavit from his wife, attesting to the fact that, while the notification was received on May 29, 1999, Brewer himself did not receive actual notice of the plaintiff's action until June 1, 1999, the date when his wife handed Brewer the notification. As such, Brewer argues that his intervening complaint of June 29, 1999 is timely and within the thirty days contemplated by the statute. CT Page 11549
The question before the court, accordingly, is as to when the thirty day period begins to run. For the reason set forth below, this court holds that the thirty days commenced on May 29, 1999, and that the intervening complaint is untimely.
In the present case, there is no question concerning the method by which Brewer was served with notice, as both parties agree that he received the notice via certified mail. Rather, the question is whether the receipt of such certified mail by Brewer's wife, at Brewer's address, suffices to trigger the thirty day period even though the Brewer did not receive actual notice until informed by his wife several days later.
Section 31-293 requires that written notice be given by "personal presentation or by registered or certified mail." The plaintiff sent out a notice of the pending suit to the injured employee, at his address, by certified mail as contemplated by law. The certified mail reached its intended destination and was received and accepted at the intended address. Thus, any pertinent statutory requirements were met when the certified letter was accepted, albeit by Brewer's wife and not Brewer. SeeBoardsen Associates v. O'Neil, Superior Court, judicial district of New London at Norwich (December 10, 1993, Hendel, J.) (notice contemplated by General Statutes § 31-293 does not require actual notice; certified letter not accepted by addressee constituted sufficient statutory notice)
The thirty day limitation in § 31-293 has been strictly construed. Winslow v. Lewis-Shepard, Inc., 216 Conn. 533, 540,582 A.2d 1174 (1990). To allow Brewer to intervene in the present case simply because his wife, for whatever reason, failed to give him actual notice until several days following the fulfillment of the statutory notice would strain the strict construction required of § 31-293. Under the scenario contemplated by Brewer, a motion to intervene would be timely not just after thirty-one days (as under the facts of this case) but also after any significantly longer period of time under any scenario where the actual notice was not literally received even though statutory notice was complied with and said notice actually delivered. The statute, however, does not provide for such an open window of opportunity.
Accordingly, Brewer's motion to intervene is denied and Braun's objection is sustained. CT Page 11550
Grogins, Justice