[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] ORDER
The plaintiff's motion to dismiss the intervening party plaintiff is granted. "General Statutes § 31-293 grants to an employer who has paid worker's compensation a right to join as a party plaintiff in actions by employees against third party tortfeasors. . . ." (Citation omitted; internal quotation marks omitted.) Winslow v. Lewis-Shepard, Inc.,216 Conn. 533, 537, 582 A.2d 1174 (1990). The statute "is a clear deviation from the common law. . . . Consequently, [it] must be strictly construed and limited to those matters clearly within its scope." (Citations omitted.) Dodd v. Middlesex Mutual Assurance Co., 242 Conn. 375,383, 698 A.2d 859 (1997). The term "third party" as used in the statute refers to "the actual tortfeasor." Id. Thus, "[s]ection 31-293 (a), properly construed, applies only to third party tort actions between an injured party and a wrongdoer. . . ." Id., 388-89.
Here, the plaintiff asserts a cause of action of legal malpractice. It is an action "against the attorney who unsuccessfully pursued the third party tortfeasor. . . . Thus, the injury that is the subject of this . . . action is not the personal injury suffered by the [plaintiff]; rather it is the loss of the right of action against the third party tortfeasor. . . . The language of § 31-293 does not include the intervention of the employer in a suit brought against a party not responsible for the work-related injury." (Citations omitted.) Pinney v.May, Superior Court, judicial district of New Haven at Meriden, Docket No. 0254468 (July 17, 1997, DiPentima, J.) (20 Conn.L.Rptr. 163, 164).
For the forgoing reasons, the motion to dismiss is granted.
So Ordered.
D'ANDREA, J.T.R. CT Page 13272