DANA HALLENBECK *v.* ST. MARK
THE EVANGELIST CORPORATION
(10908)

DUPONT, C. J., FOTI and FREEDMAN, Js.

Submitted on the briefs September 15—decision released December 1, 1992

*Patrick G. Alair,* assistant corporation counsel, filed a brief for the appellant town of West Hartford.

*Brian B. Staines* filed a brief for the appellee (plaintiff).

DUPONT, C. J. The principal issue to be decided on this appeal is whether the trial court incorrectly determined that the town of West Hartford had not properly intervened as a party plaintiff, pursuant to the workers' compensation law; General Statutes § 31-293 (a);[1]

---

[1] General Statutes § 31-293 (a) provides in pertinent part: "When any injury for which compensation is payable under the provisions of this chapter has been sustained under circumstances creating in some other person than the employer a legal liability to pay damages in respect thereto, the injured employee may claim compensation under the provisions of this chapter, but the payment or award of compensation shall not affect the claim or right of action of such injured employee against such other person . . . . If either such employee or such employer brings such action against such third person, he shall forthwith notify the other, in writing, by personal presentation or by registered or certified mail, of such fact and of the name of the court to which the writ is returnable, and such other may join as

in this action brought by the plaintiff against the defendant for injuries the plaintiff had sustained while in the course of his employment for the town. We agree that the trial court's determination was incorrect.

The town, within thirty days of the notice to it of the suit by the plaintiff, simultaneously filed two pleadings, one entitled "Intervention by Town of West Hartford" and the other, "Intervening Complaint."[2] The plaintiff contends that neither he nor the defendant received these pleadings, although the town's attorney certified that they were sent to counsel for the plaintiff and directly to the defendant. The town did not file a pleading entitled "motion to intervene," requesting the court's permission to intervene.

Approximately fourteen months after the filing of its intervention and intervening complaint, the town realized that the named parties were actively litigating the matter without its involvement. The town then filed an appearance form.[3] Three months later, the plaintiff filed an objection to the town's intervention, asserting that the town had not properly intervened. The

a party plaintiff in such action within thirty days after such notification, and, if such other fails to join as a party plaintiff, his right of action against such third person shall abate."

[2] The pleadings filed by the town were attached to each other and were modeled after Practice Book Form 804.17, entitled "Intervention under Workmen's Compensation Act by Employer in Action Brought by Employee." The town followed the form exactly and its counsel signed the Intervening Complaint as "Intervening Plaintiff," giving a juris number and address. Additionally, Form 804.17 specifically refers to General Statutes § 31-293.

[3] The filing of an appearance form by the town was not required in this case. Pursuant to Practice Book § 64 (a), the town had already entered an appearance upon the filing of the intervention and intervening complaint containing counsel's name, juris number, and mailing address. In fact, on the appearance form filed by counsel for the town, counsel noted that the current filing of his appearance was in addition to his appearance that was already on file.

bases for the plaintiff's objection were that the town had failed to file the requisite motion to intervene, and that this failure was not cured by the filing of the appearance form. The plaintiff therefore requested that the town's "Intervening Complaint" be stricken.

The trial court denied the plaintiff's objection to the town's intervention.[4] The trial court's memorandum states in its entirety: "If, as the plaintiff contends, the alleged intervening plaintiff has not properly intervened, there is nothing to object to at this time. The filing of an appearance does not give rise to a new motion to intervene."

The town thereupon filed a motion for clarification, contending that the plaintiff and the town disagreed as to the effect of the trial court's decision. In response, the trial court issued the following clarification: "The Town of West Hartford has not procedurally intervened. The Town has filed an appearance by counsel. The plaintiff objected to the Town appearing to intervene by virtue of the filed appearance by counsel for the Town. The court previously held and still so holds that filing of an appearance slip is not a formal intervention in the case. Therefore there is nothing to rule on."

The town then filed a motion for order seeking "an order . . . declaring the status of the Town's intervention in the present action." The court responded to the motion for order by indicating that the town had not properly intervened because the town had made no motion to intervene.[5] The town now appeals from

---

[4] The town filed a reply to the plaintiff's objection, but it was not received by the trial court until three days after the court had already acted on the plaintiff's objection.

[5] The court's articulation of its decision states in its entirety: "A review of the file discloses the filing of an Intervening Complaint by the Town of West Hartford (Town) on April 26, 1990. The complaint contained a certification by the Town's Attorney of notice to other counsel of record. No

the trial court's decision "declaring the Town of West Hartford failed to intervene."

Preliminarily, we note that the trial court's determination that the town failed to intervene constitutes a final judgment for the purposes of appeal. "The test for determining whether an order denying a motion to intervene constitutes a final judgment is whether the would-be intervenor can make a colorable claim to intervention as a matter of right." (Internal quotation marks omitted.) *Winslow* v. *Lewis-Shepard, Inc.,* 216 Conn. 533, 536, 582 A.2d 1174 (1990). It is clear that, had the town made a motion to intervene and had the motion been denied, the town could then have appealed from this denial because General Statutes § 31-293 (a) specifically grants an employer the right to intervene if done within thirty days of notice of the commencement of the action. Id., 536–37; *Rodia* v. *Tesco Corporation,* 11 Conn. App. 391, 393, 527 A.2d 721 (1987). Here, because the town never made a motion to intervene, the trial court obviously never denied such a motion. By refusing to recognize the town's attempts to intervene, however, the practical effect of the trial court's rulings was the same as if the town had moved to intervene and the trial court had denied the motion. Accordingly, the town has appealed from a final judgment and

motion accompanied the complaint requesting the court's permission to intervene and join the plaintiff's cause of action. The Town's Attorney filed an appearance on June 20, 1991, over one year from the filing of the intervening complaint. The practice in Connecticut is to file a motion addressed to the court where a party seeks to intervene in a present action. *Ricard* v. *Stanadyne, Inc.,* 181 Conn. 321, 322–23 [435 A.2d 352] (1980). Where a party seeks to intervene in a third party action, that party must 'file a timely motion to intervene . . . .' *Skitromo* v. *Meriden Yellow Cab Co.,* 204 Conn. 485, 489 [528 A.2d 826] (1987).

"Where, as here, the intervening party merely filed an intervening complaint without complying with our rules of practice, the Town's intervening complaint is a nullity."

we have jurisdiction to decide the merits of the appeal.[6] Practice Book § 4000.

When determining whether a party has complied with the requirements of a particular statute, our inquiry always begins with the words of the statute itself. See, e.g., *Winslow* v. *Lewis-Shepard, Inc.,* supra, 537; *Kinney* v. *State,* 213 Conn. 54, 60, 566 A.2d 670 (1989). General Statutes § 31-293 (a) states that in a third party suit initiated under the workers' compensation law, a plaintiff's employer "may join as a party plaintiff in the action within thirty days after such notification [of the commencement of the action], and, if the [employer] fails to join as a party plaintiff, his right of action against the [defendant] shall abate." Unlike the general intervention statute, General Statutes § 52-102,[7] which expressly requires that such intervention be accomplished by motion, § 31-293 (a) contains no such requirement. Section 31-293 (a) simply states that any proper party attempting to intervene "may join . . . in the action" conditioned only on the requirement that such a "joining" be accomplished within thirty days of notice of the original suit.

The plaintiff ignores § 31-293 (a) and instead focuses on § 52-102, which, as noted, requires the prospective

---

[6] The result would be the same if we analyzed this issue under the two-prong test for appealability of interlocutory orders enunciated in *State* v. *Curcio,* 191 Conn. 27, 31, 463 A.2d 566 (1983). *Curcio* holds that "[a]n otherwise interlocutory order is appealable in two circumstances: (1) where the order or action terminates a separate and distinct proceeding, or (2) where the order or action so concludes the rights of the parties that further proceedings cannot affect them." Id. Clearly, the trial court's refusal to recognize the town's attempted intervention in this case effectively concluded the town's rights in the litigation. See *McClendon* v. *Soos,* 18 Conn. App. 614, 616–17, 559 A.2d 1163 (1989).

[7] General Statutes § 52-102 provides in relevant part: "Upon motion made by any party or nonparty to a civil action, the person named in the party's motion or the nonparty so moving . . . (2) shall be made a party by the court if that person is necessary for a complete determination or settlement of any question involved therein . . . ."

intervenor to move the court for permission to intervene. Conversely, the town argues that under § 31-293 (a) it had an absolute right to intervene and was not required to make a motion in order to exercise this right. The town further argues that if a motion were the only acceptable method of intervening in this type of action, then Practice Book Form 804.17 would serve no purpose.

It is well established that "[a]s a matter of statutory construction, specific statutory provisions are presumed to prevail over more general statutory provisions dealing with the same overall subject matter." (Internal quotation marks omitted.) *State* v. *Champagne,* 206 Conn. 421, 435, 538 A.2d 193 (1988); see also 2B J. Sutherland, Statutory Construction (5th Ed. 1992) § 51.02. It is an equally well established maxim that "in the absence of ambiguity, courts cannot read into statutes, by construction, provisions which are not clearly stated." *Carothers* v. *Capozziello,* 215 Conn. 82, 129, 574 A.2d 1268 (1990); see also 2A J. Sutherland, Statutory Construction (5th Ed. 1992) § 47.38. Applying these principles, we determine that § 31-293 (a) rather than § 52-102 controls in this case. As we observed previously, § 31-293 (a) does not expressly predicate an employer's right to intervene upon the making of a motion, and we decline, in accordance with the second rule of construction, to read such a requirement into § 31-293 (a).

Furthermore, General Statutes §§ 52-102 and 31-293 (a) have different purposes. Section 52-102 requires a court to determine whether a putative intervenor is a party necessary for a complete determination or settlement of a question involved in the case, whereas § 31-293 (a) requires no such determination. Section 31-293 (a) gives an employer a statutory right to intervene in a case in which the employer would not usually be a necessary party. The employer's only inter-

est in the litigation is a statutory right to reimbursement of money paid to an employee, should the employee prevail in an action against a third party tortfeasor.

It is undisputed that under § 31-293 (a) the town had an absolute right to intervene and the trial court was powerless to deny such an intervention as long as proper application was timely made. See also *Horton* v. *Meskill*, 187 Conn. 187, 192, 445 A.2d 579 (1982) (noting that there are "cases which make clear that intervention of right exists in Connecticut practice," citing *Ricard* v. *Stanadyne, Inc.*, 181 Conn. 321, 435 A.2d 352 [1980]). The parties' disagreement pertains to what constitutes a proper application. The plaintiff concedes that had the town made a timely motion to intervene the court would have been required to grant it. The plaintiff argues, however, that a motion is the only method by which such intervention may be accomplished.

The word motion implies that a court must take some form of action. Practice Book § 197 defines the term "motion" to mean "any application to the court for an order, which application is to be acted upon by the court or any judge thereof . . . ." Here, court action is not required because an employer's right to intervene is absolute if the employer makes a timely application, and if an employee-employer relationship and an injury for which compensation is payable under the provisions of the Workers' Compensation Act are alleged.

There are many examples in the Practice Book of pleadings and filings that do not require court assistance or permission. These pleadings and filings do not require a motion to the court. For example, the filing of a complaint, cross complaint, or answer does not require a motion to obtain permission of the court, nor is any action required by the court. See also Practice

Book §§ 63 through 66 (appearances); Practice Book § 147 (request to revise); Practice Book § 223 (interrogatories); Practice Book § 227 (requests for production, inspection and examination); Practice Book § 238 (requests for admission). In these instances, unless a party requests the court to adjudicate whether a claimed defect in the pleading or filing exists or whether an objection to the pleading or request is valid, there is no need for court action.

In the case of party interventions pursuant to General Statutes § 31-293 (a), no action by the court is necessary unless a party disputes the timeliness of the intervention; *Winslow* v. *Lewis-Shepard, Inc.,* supra; *Skitromo* v. *Meriden Yellow Cab Co.,* 204 Conn. 485, 489, 528 A.2d 826 (1987); *Ricard* v. *Stanadyne, Inc.,* supra; or claims the absence of an employee-employer relationship; *Johndrow* v. *State,* 24 Conn. App. 719, 721, 591 A.2d 815 (1991); or claims the lack of an injury for which compensation is payable under the provisions of the Workers' Compensation Act. As with any pleading made by a party without prior court approval, the party subjected to the pleading can seek court intervention by filing either an objection to the pleading, or a motion to dismiss or a motion to strike. Otherwise, the pleading remains intact and self-effectuating. We conclude that it is not necessary to make a motion for permission to intervene to effectuate intervention under § 31-293 (a).

Our resolution of this issue does not mean that intervention pursuant to § 31-293 (a) cannot also be accomplished by motion; a motion is not, however, the sole pleading that may be employed to effectuate the intervention. Any motion made by a proper party within thirty days of notification of the commencement of the action will also fulfill the requirements of § 31-293 (a). In *Skitromo* v. *Meriden Yellow Cab Co.,* supra, *Ricard* v. *Stanadyne, Inc.,* supra, and *Winslow* v. *Lewis-*

*Shepard, Inc.,* supra, it was assumed without discussion that had a motion to intervene been filed within thirty days, the intervention provided for in § 31-293 (a) would have been accomplished. A motion to intervene cannot be denied if made by a proper party within thirty days, and serves as notice that intervention is being asserted. The same notice is provided by the "Intervening Complaint" and "Intervention" used by the town in this case, and those pleadings are thus permissible. Under the precise wording of General Statutes § 31-293 (a), an employer "may join" the action within thirty days of notification of the action. If an employer chooses to assert intervention by way of a timely motion, the employer has "joined" the action upon the making of the motion within thirty days, regardless of when such motion was "granted."

Finally, we address the plaintiff's allegations that neither he nor the defendant received notice of the town's "Intervention" or "Intervening Complaint." It is undisputed that counsel for the town filed these documents with the court and certified that copies were sent to counsel for the plaintiff and directly to the defendant. See Practice Book § 123. Counsel's certification raises a rebuttable presumption that notice was sent to all parties. See *Hartford Electric Light Co.* v. *Tucker*, 183 Conn. 85, 90, 438 A.2d 828, cert. denied, 454 U.S. 837, 102 S. Ct. 143, 70 L. Ed. 2d 118 (1981). Consequently, as the plaintiff failed to offer proof to rebut this presumption, we must assume that counsel for the town provided proper notice as required by Practice Book § 121. We therefore conclude that the trial court should not have ruled that the town's pleadings were a nullity.

The trial court's determination that the town failed to intervene is set aside and the case is remanded with direction to order that the town properly intervened.

In this opinion the other judges concurred.