[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE
This is an action under 31-293 of the General Statutes to recover worker's compensation benefits paid by the plaintiff to its employee, James L. Horton. Horton was injured in the course of his employment for the plaintiff when struck by a vehicle operated by the defendant. CT Page 6624-GG
In the third special defense to the complaint "the defendant claims a setoff, or credit for any payments made to, or for the plaintiff by any third party, in accordance with 52-225a of the Connecticut General Statutes." The plaintiff has filed a motion to strike this defense, claiming that (1) it is not a valid defense in a negligence action, and (2) worker's compensation benefits are not a collateral source under 52-225a for which a reduction in the judgment is permitted. A motion to strike can be used to test the legal sufficiency of any special defense contained in the answer. Section 152(5) Connecticut Practice Book; Nowak v. Nowak, 175 Conn. 112, 116. The motion to strike must be denied if facts provable under the facts alleged in the third special defense state a valid defense to the complaint. Mingachos v. CBS, Inc., 196 Conn. 91, 109.
Until 52-225a was enacted in 1985, the collateral source rule had existed for a long time in Connecticut and a majority of other states. Gorham v. Farmington Motor Inn, Inc., 159 Conn. 576,579-80 and cases cited therein. While the statute eliminated the collateral source rule in some cases, credits for collateral source CT Page 6624-HH payments are considered by the court after damages are awarded by the trier. A special defense to a complaint is made for the purpose of offering evidence at the time of trial, but the defendant cannot produce evidence at trial on collateral source payments to reduce damages. The special defense is unnecessary to obtain the benefits allowed by 52-225a. The statute should not be pleaded as a special defense to obtain post trial credit or reduction for collateral source payments. Whitely v. Sebas, 3 Conn. L. Rptr. 370, 6 Conn. Super. Ct. Rpts. 372 (1991); Devarajan v. Berlin Fair Agricultural Association, Inc., 7 Conn. L. Rptr. 581, 582 (1992) and cases cited therein; Neverisky v. Masi, 8 Conn. Super. Ct. Rptr. 186, 187 (1993).
A condition precedent to a setoff, governed by 52-139 of the General Statutes, is that a defendant's claim arises out of a debt due from the plaintiff. Petti v. Balance Rock Associates, 12 Conn. App. 353,362; Neverisky v. Masi, supra; Valuk v. Mathews,4 Conn. L. Rptr. 12 (1991). While a setoff must be affirmatively pleaded, Colonial Bank and Trust Co. v. Matoff, 18 Conn. App. 20,29, a collateral source payment is not a setoff. Neverisky v. Masi, supra, 187; Devarajan v. Berlin Fair Agricultural Association, CT Page 6624-II Inc., supra 582; Rosiello v. Ladden, 2 Conn. L. Rptr. 179
(1990).
In addition, even if worker's compensation benefits could be considered a collateral source in a claim by an injured employee, they are not a proper deduction in an action by the employer to recover worker's compensation benefits from the negligent third party. Under 31-293(a) an employer can obtain reimbursement for worker's compensation benefits from a third party tortfeasor, either by becoming an intervening plaintiff in the employee's cause of action or by bringing a separate action derivative of the employee's cause of action. Durniak v. August Winter Sons Inc., 222 Conn. 775, 779. Moreover, the employer's statutory right to subrogation of the proceeds of the employee's claim prevents double recovery by the injured employee. Id, 779, 780; Enquist v. General Datacom, 218 Conn. 19, 26. The right of reimbursement which the employer has under the statute, although derived from the employee, is a separate right vested in the employer by the statute. Stavola v. Palmer, 136 Conn. 670,678. See also Stulginski v. Cizauskas, 125 Conn. 293, 295-298
(third party tortfeasor not entitled to a credit for worker's compensation CT Page 6624-JJ benefits in an action by the injured employee). In the context of an action by the employer to recover worker's compensation benefits "collateral sources" as defined in 52-225b
can at most include payments made to the employer (not the employee) from insurance and the other sources stated in 225b. Collateral sources as defined in that statute refers to several types of insurance, but not worker's compensation insurance, and the purpose of the employer's action is to recover compensation paid to the employee. The employer's only interest in the litigation is the statutory right to reimbursement of money paid to the employee if the employee can recover for personal injuries from the third party tortfeasor. Hallenbeck v. St. Mark the Evangelist Corporation, 29 Conn. App. 618, 624-25.
The motion to strike the third special defense is granted.
Fuller, J.