[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The Treasurer of the State of Connecticut seeks to intervene in this personal injury action to recover benefits paid to the CT Page 630 plaintiff from the Second Injury and Compensation Assurance Fund pursuant to 31-35 C.G.S.
The movant claims intervention as of right pursuant to 31-352
and -293 C.G.S.
The plaintiff, Tommie T. Kovach, and the defendants, Jefrey J. Benvenuto and Thru-way Transportation, Inc., have objected to such intervention, which they claim has been pursued in an untimely fashion. Inter alia, they claim that intervention should be denied because the addition of this party will delay trial of this case, which was filed in 1988.
The Treasurer filed his motion to intervene on January 10, 1991, stating that he "may be obligated to pay benefits to, and on behalf of said plaintiff, Tommie T. Kovach . . ." for a period following his first one hundred four weeks of disability. (Motion to Intervene, at paragraphs 3 and 4.) In the motion to intervene, at paragraph 5, the movant alleges that notification of the action was never forwarded pursuant to the requirements of Conn. Gen. Stat. 31-293.
The Treasurer did not pursue the motion to intervene until January 3, 1994. At that point, the case had been pre-tried twice and had been scheduled to begin trial the week of January 10, 1994.
The plaintiff does not claim ever to have given the treasurer notice of the action of the kind specified in 31-293 C.G.S. He objects to intervention by the State Treasurer because such intervention would cause the pleadings to be open and would delay the long-awaited trial, disadvantaging the plaintiff for the benefit of a movant who has been inexplicably tardy in pursuing his claimed interest.
The defendants, Benvenuto and Thru-Way Transportation, Inc. have filed an objection to intervention claiming that the State Treasurer was notified of the maintenance of the plaintiff's suit by a letter dated December 12, 1988 sent by a law firm that represents the plaintiff's employer, Fabco Distributors. This letter indicated inclusion of a copy of the plaintiff's complaint.
Section 31-352 C.G.S. provides that "[T]he provisions of section 31-293 shall apply to any payments from the second injury CT Page 631 fund and the treasurer is authorized to bring an action, or join an action as provided by said section, when he has paid, or by award has become obligated to pay, compensation out of the fund."
The cited provision, 31-293, provides that an employer may join in a suit commenced by an injured employee within thirty days of receipt of notice from the employee of the maintenance of the action and of the name of the court to which the writ is returnable. Where the specified notice is not sent, the employer may intervene after the thirty-day period, even if it has had actual notice of the maintenance of the suit from sources other than the prescribed notice from the plaintiff, Gurliacci v. Mayer, 218 Conn. 531, 578-79 (1991); Winslow v. Lewis-Shepard, Inc., 216 Conn. 533, 536 (1990); Lakewood Metal Products, Inc. v. Capital Machine Switch Co., 154 Conn. 708, 710 (1987).
Since 31-352 C.G.S., on its face, incorporates the provisions of 31-293 concerning intervention by the State Treasurer to recover benefits paid by the second injury fund, the same principles would appear to apply with regard to notice, such that, absent notification by the plaintiff in the prescribed manner, the State Treasurer may intervene beyond the thirty-day period.
The court finds that the plaintiff did not provide notice to the movant in accordance with 31-293 and that no time limitation therefore applies to his intervention.
The plaintiff further objects that the intervention is so untimely as to be barred by considerations of prejudice to the existing parties, who have long awaited the opportunity for a trial while the State Treasurer has failed to pursue the motion to intervene.
Where intervention is permissive, it may be denied if it will delay the proceedings. Horton v. Meskill, 187 Conn. 198 (1982). Where intervention is of right, as for the assertion of a claim authorized by 31-352, incorporating 31-293, the other parties' interest in preserving a trial date must bow to the movant's interest in pursuing his statutory claim. The Appellate Court has even indicated that intervention may be accomplished without the granting of a motion to intervene. See Hallenbeck v. St. Mark Evangelist Corp., 29 Conn. App. 618 (1992). Delay and inconvenience may be avoided by a plaintiff by providing prompt statutory notice to potential intervenors, who are barred if they CT Page 632 fail to move to intervene within thirty days of such notice.
The motion to intervene is granted.
Beverly J. Hodgson Judge of the Superior Court