[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO DISMISS INTERVENINGCOMPLAINT OF STATE OF CONNECTICUT
The plaintiff, a Connecticut State Police officer who was severely injured while engaged in the course of his employment instituted a lawsuit against the responsible third party. The State of Connecticut, employer of the police officer filed a Motion to Intervene in said action to recover monies it expended pursuant CT Page 6185 to Workers' Compensation laws. Although the filing of such a motion was not necessary in order to intervene; Hallenbeck v. St.Mark the Evangelist Corporation, 29 Conn. App. 618, said procedural vehicle was used. The motion which was filed on April 3, 1989 was unopposed and granted by the Court on April 13, 1989.
The employer's only interest in the litigation is a statutory right to reimbursement of money paid to an employee should the employee prevail in an action against a third party tortfeasor.Hallenbeck v. St. Mark the Evangelist Corporation, supra p. 625.
Where the employer fails to intervene in the third party action it is deprived of any interest in the employee's third party recovery. Skitromo v. Meriden Yellow Cab Co., 204 Conn. 485, 486.
Although the State of Connecticut as an intervening plaintiff had the right to participate in the jury selection process and the trial it declined to do so but rather elected to absent itself from the proceedings.
Subsequent to the time a verdict was returned in his favor the plaintiff filed the instant Motion To Dismiss the Intervening Complaint on the grounds that the intervention by the employer was untimely.
Section 31-293 (a) of the C.G.S. provides inter alia, that the employee (as well as the employer) may bring an action against a third party tortfeasor to recover damages due to said party's negligence. The statute further requires that the party whether it be employee or employer who brings the lawsuit against the tortfeasor must immediately notify the other in writing, by personal presentation or by registered or certified mail that the action has been brought and provide the name of the court in which the action is pending so that the non-party may join. If the non-party fails to join the suit within thirty days "his right of action against the third party shall abate." Reichert v. Sheridan,34 Conn. App. 521, 524.
This statutory provision has repeatedly been held to bar employers who failed to join an employee's suit within thirty days of notice. Reichert v. Sheridan, supra p. 528.
When a cause of action has been created by statute strict compliance with the prescribed procedure is essential. Johndrow v.State, 24 Conn. App. 719, 722. Notice requirements of the Workers' CT Page 6186 Compensation Act are to be strictly interpreted. Reichert v.Sheridan, 34 Conn. App. 521, 525; Misiurka v. Maple Hills Farms,Inc., 15 Conn. App. 381, 384 (cert. denied) 209 Conn. 813; Simmonsv. Holcomb, 98 Conn. 770, 777.
The critical issue herein is whether the State of Connecticut, plaintiff's employer's, right to intervene is barred by the abatement provision of 31-293 (a) C.G.S.
Oral argument and an evidential hearing on this issue was held on June 16, 1994.
The third party complaint was served on the tortfeasor on February 8, 1989 and filed with the clerk's office on February 17, 1989. (Court File)
The plaintiff's letters dated January 19, 1989 and February 2, 1989 (Exhibit B) addressed to the J. Neale MacDonald Company do not constitute the notice mandated by the statute because (1) they were not personally served or forwarded by registered or certified mail and (2) they were sent prior to the institution of suit. SeeJeppesen v. Bell, 10 C.L.R. 204.
Plaintiff's letter dated March 1, 1989 addressed to J. Neale MacDonald Company was received by the addressee on March 6, 1989 and the Attorney General on March 8, 1989. (Exhibits 1 and 2) As noted above the Motion To Intervene was filed on April 3, 1989 thus the employer did join as a party plaintiff within thirty days of such notification. Winslow v. Lewis-Shepard Inc., 216 Conn. 533,540, 541.
Motion To Dismiss is denied.
John C. Flanagan State Trial Referee CT Page 6187