MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO INTERVENE
In this action sounding in unlawful termination of employment, defendant, Friendly Ice Cream Corporation moved on July 25, 1994 to intervene as a co-plaintiff under General Statutes § 31-293 for reimbursement of any sums it might pay to the plaintiff pursuant to the Workmen's Compensation Act.
General Statutes § 31-293, entitled "Liability of third persons to employer and employee," in part (a) provides that:
 [w]hen any injury for which compensating is payable under the provisions of this chapter has been sustained under circumstances creating in a third person other than the employer a legal liability to pay damages for the injury . . . any employer having paid, or having become obligated to pay, compensation under the provisions of this chapter may bring an action against the third person to recover any amount that he has paid or has become obligated to pay as compensation to the injured employee. (Emphasis added.)
The defendant argues that the statute allows for intervention as a matter of right, and further that under the "dual capacity" doctrine it may intervene as a co-plaintiff despite being the sole defendant in the action since it "can be reasonable characterized as a `third party' whose interests are distinguishable from those of the intervening co-plaintiff despite the fact that they are, nominally, the same." Additionally, the defendant argues that it may intervene pursuant to § 31-293 since the payment it made to the plaintiff pursuant to their stipulation agreement was `compensation' within the meaning of the statute. This statute provides an employer with a "right to intervene in a case in which the employer would not usually be a necessary party . . . [and] the employer's only interest in the litigation is a statutory right to reimbursement of money paid to an employee, should the employee prevail in an action against a third partytortfeasor." (Emphasis added.) Hallenbeck v. St. Mark theEvangelist Corp. , 29 Conn. App. 618, 623-24 (1992). "General Statutes § 31-293 specifically grants an employer who has paid workers' compensation benefits to an employee the right to CT Page 12818 join as a party plaintiff in the employee's action against athird party tortfeasor." (Emphasis supplied) Packtor v.Seppala AHO Construction Co., 33 Conn. App. 422, 430 (1994).
Statutes are to be applied as their words direct. RiverDock Pile, Inc. v. O G Industries, Inc., 219 Conn. 787,805 (1991). When language used in a statute is clear and unambiguous, its meaning is not subject to modification or construction. The words of a statute are to be given their commonly approved meaning, unless a contrary intent is clearly expressed. State v. Kish, 186 Conn. 757, 764 (1982).
No Connecticut case law has been called to our attention which has embraced the "dual capacity" doctrine, i.e., allowing an employer to be the defendant and co-plaintiff in the same case. In Bouley v. City of Norwich, 222 Conn. 744
(1992), the Supreme Court, when given the opportunity to consider the "dual capacity" doctrine as it relates to an employer under the Workers' Compensation Act, stated that "[w]e have previously considered and expressly rejected the dual capacity doctrine . . . [and] . . . [i]n doing so, we recognized that the weight of authority in nearly all jurisdictions had rejected similar dual capacity arguments."Id., 762, citing Panaro v. Electrolux Corp. , 208 Conn. 589,545 A.2d 1086 (1988). Since the language of General Statutes § 31-293(a) is clear and unambiguous regarding an employer's intervention in an action as against a third party, the defendant may not intervene as a co-plaintiff under § 31-292(2) where the same defendant is the sole defendant in the action. We are unable to accept the alternative arguments raised by the defendant in its motion to intervene.
Defendant's motion to intervene as a co-plaintiff is denied.