[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM FILED JULY 29, 1996
Under Hallenbeck v. St. Mark the Evangelist Corp.,29 Conn. App. 618 (1992), intervention under § 31-293a can be made by way of motion. The court suggests at page 627 that in order for intervention to be effective, as in all other motion practice, P.B. § 123 must be complied with and counsel must certify that opposing counsel received copies of the CT Page 5183 intervention.
Here the motion to intervene by the employer was filed within the thirty-day period but notice of the motion to intervene was only mailed to the plaintiffs attorney not to counsel for the defendant. The defendant has now filed a motion to dismiss claiming Section 31-293a was not complied with.
This presents an unusual problem. The thirty-day time limitation to intervene is an arbitrary requirement that of course must be complied with. On the other hand proper notification was made to the plaintiff employee who has brought the action and who is the only party capable of receiving a monetary recovery, a portion of which the intervening complaining employer claims it has a right to receive. The question does not appear to be jurisdictional in the sense that it is difficult to see how under the circumstances here the plaintiff, who received notice, could claim the matter should be dismissed.
It is not clear to me what date the intervening employer received notice of the plaintiffs suit. Apparently the motion to intervene was acted upon within thirty days of such notice. Unfair results can occur if § 31-293 (a), Hallebeck, and P.B. § 123 are given too literal a reading. What if the lawyer for the intervening employer does not file and have the motion to intervene acted upon until the 30th day. The same day in compliance with P.B. § 123 the lawyer certifies he or she has sent copies of the motion to counsel of record for plaintiff and defendant. Copies of the motion would not reach these counsel until after the thirtieth day. Would anyone seriously argue that the motion to intervene is ineffective and the intervention action must be dismissed because opposing counsel did not actually receive notice within thirty days?
Here the court acted upon the motion on December 31, 1995 and employer's counsel states that notice of the motion having been granted was mailed out by the court on January 3, 1996.
It seems to me that the intervention by an employer under § 31-293 (a) is in effect a type of lien on the action to preserve the monetary interests of the employer in the plaintiffs recovery. As long as the plaintiff is notified within the statutory period why shouldn't the lien remain effective? I believe the defendant should be entitled to a dismissal only if the defendant can show prejudice because of the failure to CT Page 5184 receive notice. But prejudice must be established within the context of the general purposes Sec. 31-293a and what it seeks to achieve. I do not believe part of that purpose and the requirements imposed on intervening employers in the statute were meant to be hurdles, failure to comply with which would defeat the employer's claim and thus enhance settlement opportunities for defendants. If the defendant wishes an evidentiary hearing on this matter to show prejudice or wishes to further argue the novel problem raised by this case, both counsel should agree on a date and contact my clerk to see if further argument can be held on that date.
On the basis of the record before me, however, I will deny the motion to dismiss.
CORRADINO, J.