[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE PLAINTIFF'S MOTION TO DISMISS
In this personal injury case, an employer filed a Motion to Intervene riddled with errors. The motion was, however, granted (by another Judge), and the plaintiffs Motion to Dismiss the intervening plaintiffs action for lack of subject matter jurisdiction cannot be sustained.
The first-party plaintiff, Nelson Roberts, commenced this action by service of process on June 16, 1999. Roberts served notice on his employer, The Parents' Foundation for Transitional Living, Inc. ("Foundation"). The notice, which is in evidence, is dated July 9, 1999. On July 26, 1999, the Foundation filed a Motion to Intervene (no. 116). The Motion to Intervene contains three noteworthy errors: (1) it has the wrong docket number; (2) it incorrectly identifies the would-be intervening employer as "Parents Foundation for Transition"; and (3) in spite of the fact that the text of the motion seeks permission to "file an intervening complaint, a copy of which is hereto annexed," no intervening complaint of any description is annexed. This was truly a bad day at the office.
The error with the greatest potential for mischief was the first. The erroneous docket number led to the Motion to Intervene being placed in the wrong file, one entitled Rubertone v. City ofNew Haven. On August 18, 1999, Jones, J. granted the Motion, and on August 27, 1999, notice of that decision was duly sent by the Clerk to the no-doubt mystified counsel in the Rubertone case. Counsel in the Roberts case did not receive word of what had happened until a later date, when through some alchemy worthy of Harry Potter, the Motion to Intervene was clerically transported to its intended home in the Roberts file.
The plaintiff filed the Motion to Dismiss now before the Court on September 27, 1999. The Motion was argued on November 1, 1999. CT Page 14493
If the farrago described above had resulted in a denial of due process to the parties, some remedial judicial action would doubtless be required. This does not, however, appear to be the case. The Motion to Intervene was service-certified to all counsel of record, and no objection was ever filed in eitherRoberts or Rubertone. Motions to intervene are, of course, routinely granted, provided that they are timely (which this one was). See Hallenbeck v. St. Mark the Evangelist Corp.,29 Conn. App. 618, 625, 616 A.2d 1170 (1992). Any motion to vacate Judge Jones' order would have to be directed to him, and no such motion has been filed in the first place. The incorrect docket number, while creating much confusion, is hardly a jurisdictional defect. See LoSacco v. Longo,30 Conn. App. 902, 618 A.2d 588 (1993),aff'g, 6 Conn.L.Rptr. 275 (1992).
The other errors in the Motion to Intervene do not deprive the Court of subject matter jurisdiction either. The failure to attach the promised intervening complaint, while perhaps grounds for denying the motion in the first place, was plainly not viewed as such by Judge Jones. Intervention pursuant to Conn. Gen. Stat. § 3 1-293(a) need not be accomplished by any particular form of motion. Indeed, it need not be accomplished by motion at all.Hallenbeck v. St. Mark the Evangelist Corp., supra,29 Conn. App. at 626. Judge Jones acted within his discretion in granting the motion.
The motion's incorrect statement of the intervening plaintiffs name is likewise nonfatal. I have previously dealt with the problem of misnomers at some length. Maulucci v. St.Francis Hospital Medical Center Foundation, Inc.,17 Conn. L. Rptr. 136 (1996). The misdescription in this case, like that inMaulucci, plainly qualifies as a misnomer and therefore a circumstantial defect under Conn. Gen. Stat. § 52-123. The three-factor test of Andover Limited Partnership I v. Board ofTax Review, 232 Conn. 392, 397, 655 A.2d 759 (1995), although designed to deal with the case of a misdescribed defendant, provides considerable guidance in this area.
The first factor that must be considered is whether the parties had actual notice of the Motion to Intervene. As mentioned, the Motion to Intervene is service-certified to all counsel of record. Under these circumstances, notice is found.
The second factor in a misdescribed defendant case is whether CT Page 14494 the proper defendant knew or should have known that it was the proper defendant in the action. Andover Limited Partnership I v.Board of Tax Review, supra, 232 Conn. at 397. In this case, which involves a misdescribed intervening plaintiff, there can be no doubt that the proper intervening plaintiff knew that it was indeed the intervening plaintiff. It does not appear that the other parties in the action were under any actual misapprehension as to the intervening plaintiffs identity either. This is not a case like Johndrow v. State, 24 Conn. App. 719, 591 A.2d 815
(1991), where the employer's insurance carrier initially moved to intervene and subsequently sought to substitute the employer itself. In that case, the carrier and the employer were two distinct entities. In this case, in contrast, there is only one entity, namely the Foundation. There is no evidence that its misdescription in the Motion to Intervene misled anyone.
The third factor that must be considered is whether any party was misled to its prejudice. No party in this case claims any actual prejudice.
For these reasons, the misdescription of the intervening plaintiff in the Motion to Intervene was merely a misnomer. A circumstantial defect of this description does not deprive the Court of subject matter jurisdiction.
The plaintiffs final assertion in its Motion to Dismiss is that "the alleged intervening complaint failed to reference receipt of the statutory notice to the employer under General Statutes § 31-293." As mentioned, there is no actual intervening complaint. It is true that the Motion to Intervene fails to make the reference just described. That motion has, however, already been granted. Sec. 31-293 does not require that either the complaint or the Motion to Intervene contain an explicit reference to the statutory notice. The statute does require timeliness, but timeliness here has been established by the evidence.
The Motion to Dismiss is denied.
Jon C. Blue Judge of the Superior Court