[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Before the court is a motion to intervene as co-plaintiff which frames the issue of whether an employer may intervene in a lawsuit initiated by an employee against a third-party tortfeasor after the expiration of the thirty day deadline to intervene set forth in § 31-293 (a) of the General Statutes. The problem is further complicated here as the employer previously filed a timely motion to intervene, which the clerk of the, court rejected because the employer did not also file an appearance, CT Page 5858 and, if the employer may intervene, when is her intervention effective? This case arises from the injuries the plaintiff, Tracey Kelly, sustained while working as an employee of Anne Trister, who was doing business as Bountiful Board Catering. Kelly brought this action against Frank Musser, doing business as Simply Seafood, and Barbara Musser, alleging that they were responsible for her injuries. She filed a summons and complaint with this court on May 25, 2000.
It is undisputed that on July 26, 2000, Kelly sent a letter notifying Trister of this action against the Mussers, and that Trister received the letter on July 27. It is also undisputed that Trister delivered a motion to intervene as co-plaintiff, dated August 8, 2000, to this court and served the motion on all parties appearing in the case file at that time. The clerk of the court received and date-stamped the motion to intervene on August 10, 2000. To reiterate, because Trister failed to file an appearance, the filing of the motion was not effectuated, i.e., the clerk of the court returned the motion to Trister and did not place it in the file.
Subsequently, the Mussers brought an apportionment complaint against Trister, which was filed on July 31, 2000, and Trister filed an appearance on October 12, 2000. Trister filed a second motion to intervene as co-plaintiff on December 11, 2000, and Kelly filed a memorandum in opposition to the December 11, 2000 motion on January 4, 2001. On April 2, 2001, this court conducted oral argument on the December 11, 2000 motion to intervene, at which time Trister filed a memorandum in support of her motion.
This case is similar to Hallenbeck v. St. Mark the Evangelist Corp.,29 Conn. App. 618 (1992), in which the town of West Hartford appealed a trial court's decision declaring that the town failed to intervene in a suit brought by one of its employees. In Hallenbeck, the town filed two motions within thirty days of its receipt of notice of its employee's lawsuit, one entitled "Intervention by Town of West Hartford" and the other, "Intervening Complaint," but the town did not file either an appearance or a motion to intervene. The trial court concluded that the town's failure to file a motion seeking permission to intervene rendered the town's attempt to intervene a nullity. The Appellate Court disagreed, and found that the town had an absolute right to intervene within thirty days, which the trial court was powerless to deny, pursuant to § 31-293 (a) of the General Statutes, and the intervening complaint was sufficient to meet the requirements of the statute even without a timely appearance. Id., 620 n. 3, 627. The same result should obtain here.
Accordingly, as Trister's motion to intervene dated August 8, 2000, did CT Page 5859 not require an appearance and the court is powerless to deny it, Trister will be deemed to have intervened as a co-plaintiff as of August 10, 2000, the date the initial motion was received by the clerk of the court. Hence, the present motion to intervene as coplaintiff, filed on December 11, 2000, is unnecessary, and Kelly's objection to the present motion is overruled.
Moraghan, J.T.R.