ANGELIKA PAPAGORGIOU *v.* ANGELO
ANASTOPOULOUS ET AL.
(8752)

DUPONT, C. J., SPALLONE and FOTI, Js.

Argued September 28—decision released December 4, 1990

*Steven Duke,* with whom was *J. L. Pottenger, Jr.,* for the appellant (plaintiff).

*Frank B. Velardi, Jr.,* for the appellees (defendants).

FOTI, J. The plaintiff appeals from the judgment rendered by the trial court following its granting of the defendants' motion to dismiss for failure of the plaintiff to establish a prima facie case. The plaintiff claims that she was precluded from proving a prima facie case. We reverse the trial court's decision.

The plaintiff filed a two count complaint on June 19, 1987, seeking specific performance and damages for breach of contract. The complaint alleged that the defendants, Angelo and Maria Anastopoulous, owned property at 8 Orange Street in New Haven and entered into a contract with the plaintiff on January 31, 1985. This agreement, which consisted of a lease and an option to purchase the premises, was recorded on the land records of the city of New Haven. The plaintiff attempted to exercise that option under the terms of the contract but was notified by the defendants that they intended to sell the building to someone else. On August 27, 1987, the defendants successfully moved to stay the proceedings claiming arbitration was required under the contract. When the arbitration hearing was held on April 26, 1989, and resumed on May 10, 1989, the arbitrators declined jurisdiction because the parties could not produce a copy of the contract that was signed by the plaintiff. Without a duly executed contract, the arbitrators could not enforce the arbitration clause.

On April 24, 1989, the defendants filed an answer admitting the existence and terms of the contract but denying that the plaintiff had properly exercised her option to buy. Thereafter, on May 9, 1989, they filed an amended answer, in which they admitted only that they owned the property, but denied or claimed insufficient knowledge or information of the remaining allegations in the complaint. The defendants added noncompliance with the statute of frauds to the exist-

ing special defenses of noncompliance with the payment of rent and insurance covenants of the contact, and failure of the plaintiff to exercise her right of first refusal under the terms of the contract when notified that the defendants intended to sell the property to another buyer for a price of $132,000.

The plaintiff, who has acted pro se throughout most of these proceedings, appeared before a trial referee, who dismissed her complaint.[1] The plaintiff's motion to open the judgment was subsequently denied.

---

[1] The record discloses that the following transpired: (The plaintiff's married name is Konstandinidis.)

"The Court: You had a lease for the purchase of the building containing what you say was an option signed by you—signed by you.

"Mrs. Konstandinidis: The only lease that I have, and I have submitted to the court, and from what I understand the defendants have done so as well, is the release [sic] that you have in your possession. I paid $35,000 with that release [sic].

"The Court: Did you sign a lease to buy the building and is the lease attached to your complaint, the original complaint? And that lease is dated the twenty-third day of January, 1985, and attached to that lease was a rider and that's the rider that contains the option. Now, as I understand it from reading the file and allegations and motions heard by Judge Reynolds, you told the arbitrators that that signature on that lease was not yours?

"Mrs. Konstandinidis: That signature on that lease is not mine.

"The Court: Is not yours?

"Mrs. Konstandinidis: But it's the lease that we agreed on. I don't know what—

"The Court: That is not your lease, your signature at all?

"Mrs. Konstandinidis: I don't know why that is not my signature, I remember signing a lease and I—

"The Court: This is the one you brought the suit on and this is not your signature.

"Mrs. Konstandinidis: Your Honor, I agreed to that lease, I—

"The Court: No, no, no, you've got to answer my questions now, no more nonsense about this. The lease calls for arbitration and you went up to arbitration and you started the proceedings before the arbitrators, and when the lease was put in before the arbitrators you told them that was not your signature, that was a forgery. And so, they discontinued the arbitration because they said we don't have any authority if that lease is not valid because it was not signed by this plaintiff here, we cannot go forward here

The trial court's sole articulation of its reasons for dismissing the plaintiff's case was "that is not her signature on the lease on which this suit is based." The plaintiff alleges, the defendants concede, and we agree, that the absence of her signature does not implicate the statute of frauds as a defense, and it should not have been considered by the court in denying the plain-

---

because we have no jurisdiction to assume arbitration, there's no paper signed by the parties agreeing to arbitration. Do you understand that? That's what they said.

"And so they threw the arbitration out and then you came back before Judge Reynolds and he ordered the trial to go forward. And now it's before me and I want it—in the basis of your lawsuit is a lease, a written lease, you have to have a written lease in this state for this kind of a transaction. You're telling me again that this is not your signature on the lease, is that it?

"Mrs. Konstandinidis: I'm under oath, Your Honor.

"The Court: Pardon?

"Mrs. Konstandinidis: I'm under oath, I have to say the truth.

"The Court: That is true, okay.

"Mrs. Konstandinidis: I am telling the truth.

"The Court: That is the basis of your lawsuit, this piece of paper here that has your name on it in script, but it's not your signature. You don't know who wrote it, is that what you're saying?

"Mrs. Konstandinidis: No, I don't.

"The Court: That's what you told the arbitrator?

"Mrs. Konstandinidis: But that is the lease that we agreed on.

"The Court: That's what you told the arbitrators and that's what you're telling me now, that that is not your signature on there and you don't know who signed your name there? I'm talking about Angelika Papagorgiou, P-A-P-A-G-O-R-G-I-O-U, that's not your signature on there, is that what you're saying, and that's what you told the arbitrators? Is that so?

"Mrs. Konstandinidis: That is so.

"The Court: It is so. Anything you want to say.

"Mr. Velardi: Yes, Your Honor. I have a transcript of the arbitration proceeding, the original transcript.

"The Court: She has admitted it. You've got a motion to make?

"Mr. Velardi: Motion to dismiss pursuant to Section 302 of the Connecticut Practice Book for failure to establish a prima facie case.

"The Court: I'll grant the motion.

"Mrs. Konstandinidis: Excuse me, Your Honor.

"The Court: This is the basis of your lawsuit here.

"Mrs. Konstandinidis: Your Honor, the courts of Connecticut have held that the defendant is the one that has to sign the lease, I have the case,

tiff recovery.[2] The defendants, therefore, posit that inconsistency between the plaintiff's complaint and her proof was the basis of the court's action.[3] The defendants argue that the plaintiff's theory of recovery required her to prove a duly executed lease. The defendants argue further that because her complaint "does not address part performance, or the fact that the lease may constitute an adequate memorandum," she may not use these theories to establish her case. We do not agree.

The complaint alleges the existence of an agreement, the terms of the agreement, the exercise of the option

---

I will present it to the court. The lease is enforceable by the court of law, there is consideration, there was an offer, there was an acceptance. I have been occupying the property for a period of four years now.

"The Court: I just granted your motion.

"Mr. Velardi: Thank you, Your Honor.

"The Court: You may step down, Ma'am. Judgment may enter for the defendant on the basis of the testimony of this plaintiff that it's not her signature on the lease on which this suit is based."

[2] "[General Statutes] Sec. 52-550. STATUTE OF FRAUDS; WRITTEN AGREEMENT OR MEMORANDUM. (a) No civil action may be maintained in the following cases unless the agreement, or a memorandum of the agreement, is made in writing and signed by the party, or the agent of the party, to be charged: (1) Upon any agreement to charge any executor or administrator, upon a special promise to answer damages out of his own property; (2) against any person upon any special promise to answer for the debt, default or miscarriage of another; (3) upon any agreement made upon consideration of marriage; (4) upon any agreement for the sale of real property or any interest in or concerning real property; or (5) upon any agreement that is not to be performed within one year from the making thereof.

"(b) This section shall not apply to parol agreements for hiring or leasing real property, or any interest therein, for one year or less, in pursuance of which the leased premises have been or are actually occupied by the lessee, or any person claiming under him, during any part of the term."

[3] The defendants did not object on this basis but rather moved to dismiss pursuant to Practice Book § 302 for failure to make out a prima facie case. As pertinent, § 302 provides: "If, on the trial of any issue of fact in a civil action tried to the court, the plaintiff has produced his evidence and rested his cause, the defendant may move for judgment of dismissal, and the court may grant such motion, if in its opinion the plaintiff has failed to make out a prima facie case." The record does not indicate that the plaintiff had rested.

to purchase contained in the agreement and the refusal of the defendants to comply with the terms of the agreement. It does not allege that the plaintiff signed the agreement. The complaint does allege that a copy of the lease was annexed to the complaint; the plaintiff alleges that the terms of the annexed written instrument are the terms of the agreement under which she seeks specific performance. There was therefore no material variance between the complaint and the proof as it related to the written instrument, which was the alleged agreement of the parties. Even if a material variance arguably existed between the allegations and proof, the court could at its discretion permit an amendment of the complaint; Practice Book § 178;[4] to allow the proof to conform to those pleadings. See *Lawson* v. *Godfried,* 181 Conn. 214, 216, 435 A.2d 15 (1980).

The purpose of the complaint is to put the defendants on notice of the claims made, to limit the issues to be decided, and to prevent surprise. *Farrell* v. *St. Vincent's Hospital,* 203 Conn. 554, 557, 525 A.2d 954 (1987). "Justice is not served by accepting a claim of variance [between allegations and proof] from a party who at all times has been in a position of knowing the true state of facts." *Schaller* v. *Roadside Inn, Inc.,* 154 Conn. 61, 67, 221 A.2d 263 (1966). Our Supreme Court has indicated that a minor pleading deficiency, in the absence of surprise or other prejudice, should not be

[4] Practice Book § 178 provides: "In all cases of any material variance between allegation and proof, an amendment may be permitted at any stage of the trial. If such allegation was made without reasonable excuse, or if the adverse party was actually misled thereby to his prejudice in maintaining his action or defense upon the merits, or if such amendment requires postponement of the trial or additional expense to the adverse party and this is shown to the satisfaction of the court, such amendment shall be made only upon payment of costs or upon such terms as the court may deem proper; but in any other case, without costs. Immaterial variances shall be wholly disregarded."

relied on to defeat a cause of action. *Giulietti* v. *Connecticut Ins. Placement Facility,* 205 Conn. 424, 434, 534 A.2d 213 (1987).

The plaintiff, by the first count of her complaint, sought not to enforce the lease agreement, but rather to obtain specific performance of the agreement to convey the premises through her exercise of the option to purchase. The defendants could not have been misled or prejudiced by her failure to prove the signature on the lease was hers; that was not an essential element of her cause of action. The defendants were not surprised by the plaintiff's position because they knew that she had asserted at the arbitration proceeding that her signature on the agreement was not genuine.

The judgment is reversed and the case is remanded for a new trial.

In this opinion the other judges concurred.