[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO ARTICULATE AND REARGUE
This is an action seeking money damages for personal injuries allegedly sustained as a result of defective premises. The action was commenced on August 19, 1997 and was made returnable on September 2, 1997.
On November 14, 1997, the proposed intervenor, United Parcel Service (UPS), filed a motion to intervene, together with an intervening complaint. The motion averred that at the time he suffered his injuries, the plaintiff was employed by UPS "within the scope of the Connecticut Workers; Compensation Act, and said injuries arose out of and in the course of said employment." The motion also alleged that UPS had paid the plaintiff workers' compensation benefits. The motion was denied by the court with the following notation: "General Statutes § 31-293 (a) (see also Practice Book § 204)." UPS has moved for an articulation of that denial and to reargue.
 I Articulation
General Statutes § 31-293 (a) provides in relevant part: "If the employee, the employer or the custodian of the Second Injury Fund brings an action against such [third] person CT Page 872 [tortfeasor], he shall immediately notify the others, in writing, by personal presentation or by registered or certified mail, of the action and of the name of the court to which the writ is returnable, and the others may join as parties plaintiff in the action within thirty days after such notification, and, if the others fail to join as parties plaintiff, their right of action against such person shall abate." It is settled that if the employer fails to timely intervene after the receipt of such notice, its right to intervene abates. Winslow v. Lewis-Shepard,Inc., 216 Conn. 533, 582 A.2d 1174 (1990).
UPS cites Hallenbeck v. St. Mark the Evangelist Corp.,29 Conn. App. 618, 616 A.2d 1170 (1992), for the proposition that the court was required to grant its motion when no objection was made to it.[1] In Hallenbeck, the Appellate Court held that an employer could intervene pursuant to General Statutes §31-293 (a) without filing a motion and "no action by the court is necessary unless a party disputes the timeliness of the intervention . . . or claims the absence of an employer-employee relationship . . . or claims the lack of an injury for which compensation is payable under the provisions of the Workers' Compensation Act." Id., 626. The court also held that intervention could be accomplished by motion.
 Any motion made by a proper party within thirty days of notification of the commencement of the action will also fulfill the requirements of § 31-293 (a). . . . A motion to intervene cannot be denied if made by a proper party within thirty days [of notification of the action], and serves as notice that intervention is being asserted. The same notice is provided by the `Intervening Complaint'. . . . Under the precise wording of General Statutes § 31-293 (a), an employer `may join' the action within thirty days of notification of the action. If an employer chooses to assert intervention by way of a timely
motion, the employer has `joined' the action upon the making of the motion within thirty days,
regardless of when such motion was "granted."
Id., 626-627.
In this case, UPS elected to proceed by motion, rather simply filing an intervening complaint. "The word motion implies that a CT Page 873 court must take some form of action." Id., 625; see Practice Book § 197. On a motion to intervene — even a motion to intervene as of right — the proposed intervenor bears the burden of proving the right to intervene. Washington Trust Company v. Smith,241 Conn. 734, 745-46, ___ A.2d ___ (1997). To sustain that burden of proof, "[a] proposed intervenor must allege sufficient facts, through the submitted motion and pleadings, if any, in order to make a showing of his or her right to intervene. The inquiry is whether the claims contained in the motion, if true, establish that the proposed intervenor has a direct and immediate interest that will be affected by the judgment." Id., 747-748. Because UPS did not, in its motion or intervening complaint, allege such facts, its motion was denied.[2]
 II Reargument
In its motion to reargue, UPS represents for the first time that it never received written notice of the commencement of this action but learned of its pendency from plaintiff's counsel in October, 1997 and thereafter timely moved to intervene within thirty days.[3]
A motion to reargue, like a motion to open a judgment, "should not be readily granted nor without strong reasons, [but] it ought to be [granted] when there appears cause for which the court acting reasonably would feel bound in duty so to do. IdealFinancing Association v. LaBonte, 120 Conn. 190, 195, 180 A. 300
(1935)." Ryan v. Fairchild Finance Corp., Superior Court, judicial district of Fairfield, No. 315312 (April 21, 1995) (Petroni, J.). "The granting of a motion for reconsideration, pursuant to Practice Book § 204B, is within the sound discretion of the trial court. Heyman Associates v. InsuranceCompany of Pennsylvania, Superior Court, Judicial District of Hartford/New Britain at Hartford, Docket No. 39 70 87 (May 20, 1993, Dunn, J.), citing, Lapuk v. Blount, 2 Conn. Cir. 271, 283, 198 A.2d 233 (App.Div.), cert. denied, 151 Conn. 726,197 A.2d 941 (1963). The court is not precluded from reexamining its own decision, within a reasonable time after its rendition, if it appears that otherwise injustice may result. . . .' Braunstein Todisco v. Bossom, 9 CSCR 642 June 7, 1994, McGrath, J.)."Halloway v. Nejam, Superior Court, judicial district of Danbury, No. 307893 (Sept. 6, 1995). CT Page 874
UPS' motion to intervene was denied for the substantive reason that it failed to allege certain necessary facts and for the procedural reason that it was not accompanied by a brief, as required by Practice Book § 204. "Our Supreme Court has indicated that a minor pleading deficiency, in the absence of surprise or other prejudice, should not be relied on to defeat a cause of action. Giulietti v. Connecticut Ins. PlacementFacility, 205 Conn. 424, 434, 534 A.2d 213 (1987)." Papagorgiouv. Anastopoulous, 23 Conn. App. 522, 527-528, 582 A.2d 1181
(1990); see also Practice Book § 157; cf. Tedesco v.Stamford, 215 Conn. 450, 576 A.2d 1273 (1990). "It is the policy of the law to bring about a trial on the merits of a dispute whenever possible and to secure for the litigant his day in court." Snow v. Calise, 174 Conn. 567, 574, 392 A.2d 440 (1978); see Killingly v. Connecticut Siting Council, 220 Conn. 518, 522,600 A.2d 752 (1991); Shokite v. Perez, 19 Conn. App. 203, 207,561 A.2d 461 (1989). The facts necessary to UPS' intervention as of right are contained in its motion to reargue, the contents of which also subserve the purposes of the brief required by Practice Book § 204. Notably, no party has objected to UPS' motion to reargue or disputed the facts alleged therein. The motion to reargue is granted.
Where an employer is not given notice of the pendency of a lawsuit by its employee against a third party tortfeasor, the thirty day time period within which the employer may intervene pursuant to General Statutes § 31-293 has not yet commenced and intervention by the employer is timely. Lawrence MetalProducts, Inc. v. Capital Machine Switch Co., 151 Conn. 708,710, 226 A.2d 392 (1967); see Gurliacci v. Mayer, 218 Conn. 531,578-79, 590 A.2d 914 (1991); Misiurka v. Maple Hill Farms, Inc.,15 Conn. App. 381, 385, 544 A.2d 673, cert. denied,209 Conn. 813, 550 A.2d 1083 (1988). For this reason, UPS' motion to intervene is granted.
BY THE COURT
Bruce L. LevinJudge of the Superior Court