KMK INSULATION, INC. *v.* A. PRETE AND SON
CONSTRUCTION COMPANY, INC., ET AL.
(AC 17179)

Landau, Schaller and Hennessy, Js.

Argued February 24—officially released July 28, 1998

*Thomas B. Pursell*, for the appellant (plaintiff).

*Raul Davila-Carlos*, with whom, on the brief, were
*Raymond A. Garcia* and *John T. Harris*, for the appel-
lees (named defendant et al.).

*Frank B. Velardi, Jr.*, for the appellee (defendant
M.P.H. Company, Inc.).

*Opinion*

LANDAU, J. The plaintiff, KMK Insulation, Inc., appeals from the trial court's judgment of dismissal rendered in favor of the defendants, A. Prete and Son Construction Company, Inc. (Prete), Aetna Casualty and Surety Company (Aetna) and M.P.H. Company, Inc. (M.P.H.), on the plaintiff's claim for payment on a bond. The plaintiff claims that the trial court improperly excluded three letters constituting notice (notices) that the plaintiff had sent to the defendants pursuant to General Statutes (Rev. to 1993) § 49-42 (a).[1] We agree and reverse the judgment of the trial court.

The following facts and procedural history are relevant to this appeal. Prete was the general contractor for a project at East Haddam High School in East Haddam. Prete entered into a subcontract with M.P.H., which, in turn, entered into a subcontract with the plaintiff to perform certain labor services for the school. Prete, in accordance with General Statutes (Rev. to 1993) § 49-41 (a), as amended by Public Acts 1993, No. 93-104,[2]

[1] General Statutes (Rev. to 1993) § 49-42 (a) provides in relevant part: "Every person who has furnished labor or material in the prosecution of the work provided for in such contract in respect of which a payment bond is furnished under the provisions of section 49-41 and who has not been paid in full therefor . . . may enforce his right to payment under the bond by serving a notice of claim . . . on the surety that issued the bond and a copy of the notice on the contractor named as principal in the bond. The notice of claim shall state with substantial accuracy the amount claimed, *the name of the party for whom the labor was performed* . . . and shall provide a detailed description of the bonded public project for which the labor or material were provided. . . ." (Emphasis added.)

Our Supreme Court has asserted that, in a case such as this, "it is the statute in force at the time of the execution of the contract which controls." *American Masons' Supply Co.* v. *F. W. Brown Co.*, 174 Conn. 219, 225, 384 A.2d 378 (1978). The date on which the contract was executed is unclear. The plaintiff alleged in its complaint that the contract between Prete and M.P.H. was executed "[on] or about 1993." Prete alleged that the contract was executed in 1992, while M.P.H. admitted in its answer that the contract was executed on or about 1993. We use the statute as it appeared in 1993; however, we note that the statute was identical in 1992.

[2] General Statutes (Rev. to 1993) § 49-41 (a), as amended by Public Acts 1993, No. 93-104, provides in relevant part: "Each contract exceeding twenty-

furnished a bond that was issued by Aetna. The plaintiff instituted this action, alleging that it had not been paid for material, work and labor in the amount of $41,321.

At trial, the plaintiff attempted to introduce three letters that it allegedly had sent to the three defendants demanding payment. The defendants objected to the admission of the notices because the plaintiff did not establish a nexus between "M.P.H. Company, Inc.," the proper name of the defendant "for whom the labor was performed," and "Mechanical Plumbing & Heating, Inc.," the name, as alleged by the plaintiff in its complaint, by which "M.P.H. Company, Inc.," is now known. As a result, the defendants argued that they did not receive sufficient notice pursuant to § 49-42 (a), which requires that the notice state the company "for whom the labor was performed." See footnote 1.

The plaintiff responded by arguing that although the complaint alleged that "M.P.H. Company, Inc.," is now known as "Mechanical Plumbing & Heating, Inc.," the names included in the notices were stated with "substantial accuracy" as required by § 49-42 (a). It is important to note that although the plaintiff alleged in its complaint that "M.P.H. Company, Inc.," is now known as "Mechanical Plumbing & Heating, Inc.," the notices to the defendants referenced, as the party "for whom the labor was performed," "MPH Plumbing of North Haven, Connecticut" in the letter to Prete, "MPH Plumbing and Heating" in the letter to M.P.H. and "MPH Plumbing and Heating, North Haven, Connecticut" in the letter to Aetna.

five thousand dollars in amount for the construction, alteration or repair of any public building or public work of the state or of any subdivision thereof shall include a provision that the person to perform the contract shall furnish to the state or the subdivision on or before the award date, a bond in the amount of the contract which shall be binding upon the award of the contract to that person, with a surety or sureties satisfactory to the officer awarding the contract, for the protection of persons supplying labor or materials in the prosecution of the work provided for in the contract . . . ."

The trial court sustained the defendants' objections because the plaintiff had not established a nexus between "M.P.H. Company, Inc.," and "Mechanical Plumbing and Heating, Inc." The trial court noted, however, that it would reconsider admitting the letters if the plaintiff provided further evidence connecting "M.P.H. Company, Inc.," and "Mechanical Plumbing and Heating, Inc." The trial court recessed the trial to allow the plaintiff to drive from Middletown to New Haven so that the plaintiff's attorney could retrieve a document. Upon his return, the plaintiff offered a certified notice from the secretary of the state, indicating that M.P.H. Company, Inc., was dissolved at the time the plaintiff allegedly sent the notice. The defendants objected to the plaintiff's offer of the notice of dissolution; however, the trial court overruled the defendants' objections. Despite the fact that the trial court allowed the notice of dissolution to be admitted as a full exhibit, it held that notice was insufficient under § 49-42 (a) and affirmed its prior ruling sustaining the defendants' objections. The trial court reasoned that although "M.P.H. Company, Inc.," may be the same entity as "Mechanical Plumbing & Heating, Inc.," the court is "not permitted rightfully to so engage in that speculation."

Because the trial court sustained the defendants' objections on the basis that the plaintiff did not establish a nexus between "M.P.H. Company, Inc.," and "Mechanical Plumbing & Heating, Inc.," the first issue we must resolve is whether the plaintiff was obligated to establish a nexus. " 'Pleadings have their place in our system of jurisprudence. While they are not held to the strict and artificial standard that once prevailed, we still cling to the belief, even in these iconoclastic days, that no orderly administration of justice is possible without them.' *Malone* v. *Steinberg*, 138 Conn. 718, 721, 89 A.2d 213 (1952)." *Moore* v. *Sergi*, 38 Conn. App.

829, 841, 664 A.2d 795 (1995). "The purpose of the complaint is to put the defendants on notice of the claims made, to limit the issues to be decided, and to prevent surprise. *Farrell* v. *St. Vincent's Hospital,* 203 Conn. 554, 557, 525 A.2d 954 (1987). 'Justice is not served by accepting a claim of variance [between allegations and proof] from a party who at all times has been in a position of knowing the true state of facts.' *Schaller* v. *Roadside Inn, Inc.,* 154 Conn. 61, 67, 221 A.2d 263 (1966). Our Supreme Court has indicated that a minor pleading deficiency, in the absence of surprise or other prejudice, should not be relied on to defeat a cause of action. *Giulietti* v. *Connecticut Ins. Placement Facility,* 205 Conn. 424, 434, 534 A.2d 213 (1987)." *Papagorgiou* v. *Anastopoulous,* 23 Conn. App. 522, 527–28, 582 A.2d 1181 (1990).

In the present case, the defendants were aware that the plaintiff alleged in its complaint that it "served notice of claim in accordance with Connecticut Statute Section 49-42." Although the plaintiff also alleged that "M.P.H. Company, Inc.," is now known as "Mechanical Plumbing & Heating, Inc.," the defendants were put on notice of the plaintiff's claim that it served notice in accordance with § 49-42 (a). Because § 49-42 (a) requires only "substantial accuracy," the defendants should have been aware that the plaintiff would not necessarily be required to prove that "M.P.H. Company, Inc.," is now known as "Mechanical Plumbing & Heating, Inc." The plaintiff's cause of action should not be defeated simply because it also alleged in its complaint that "M.P.H. Company, Inc.," is now known as "Mechanical Plumbing & Heating, Inc." The issues were properly limited, the defendants were on notice as to the relevant issues and they were not surprised by the plaintiff's argument that the notices were substantially accurate. We conclude, therefore, that the plaintiff was not obligated to prove that "M.P.H. Company, Inc.," is now known as "Mechanical Plumbing & Heating, Inc."

The second issue we must resolve is whether the trial court improperly refused to admit the three notices that were offered by the plaintiff.[3] The plaintiff claims that the notices, which referenced "MPH Plumbing of North Haven, Connecticut," in the letter to Prete and "MPH Plumbing and Heating, North Haven, Connecticut," in the letter to Aetna, constituted sufficient notice pursuant to § 49-42 (a).

Section 49-42 (a) requires a subcontractor to serve "a notice of claim . . . on the surety that issued the bond and a copy of the notice on the contractor named as principal in the bond. The notice of claim shall state with substantial accuracy . . . the name of the party for whom the labor was performed . . . ." This section and § 49-41, which requires a bond to be issued for public works projects, were " 'enacted to protect workers and materials suppliers on public works projects who cannot avail themselves of otherwise available remedies such as mechanic's liens.' *Herbert S. Newman & Partners, P.C.* v. *CFC Construction Ltd. Partnership*, 236 Conn. 750, 757, 674 A.2d 1313 (1996); see *National Fireproofing Co.* v. *Huntington*, 81 Conn. 632, 633, 71 A. 911 (1909) (mechanic's lien cannot lie against the state or any of its subdivisions)." *Blakeslee Arpaia Chapman, Inc.* v. *EI Constructors, Inc.*, 239 Conn. 708, 714–15, 687 A.2d 506 (1997). Section 49-42 is "highly remedial in nature . . . [and] entitled to a liberal construction and application in order properly to effectuate the [legislative] intent to protect those whose labor and material go into public projects." (Internal quotation marks omitted.) Id., 716.

"What is in issue is determined by the pleadings and, once they have been filed, the evidence proffered must

---

[3] Because General Statutes (Rev. to 1993) § 49-42 (a) requires the subcontractor to serve a notice of claim only on the surety that issued the bond and the principal named in the bond; see footnote 1; we will address only the letters to Aetna, the surety, and Prete, the principal.

be relevant to the issues raised in the pleadings. *Telesco* v. *Telesco*, 187 Conn. 715, 720, 447 A.2d 752 (1982); *Arey* v. *Warden*, 187 Conn. 324, 332, 445 A.2d 916 (1982); *Tehrani* v. *Century Medical Center, P.C.*, 7 Conn. App. 301, 308, 508 A.2d 814 (1986)." *Borkowski* v. *Sacheti*, 43 Conn. App. 294, 320–21, 682 A.2d 1095, cert. denied, 239 Conn. 945, 686 A.2d 120 (1996). "Relevant evidence is evidence that has a logical tendency to aid the trier in the determination of an issue. . . . One fact is relevant to another if in the common course of events the existence of one, alone or with other facts, renders the existence of the other either more certain or more probable. . . . A party is not required to offer such proof of a fact that it excludes all other hypotheses; it is sufficient if the evidence tends to make the existence or nonexistence of any other fact more probable or less probable than it would be without such evidence." (Citations omitted; internal quotation marks omitted.) *State* v. *Cosby*, 44 Conn. App. 26, 31–32, 687 A.2d 895 (1996), cert. denied, 240 Conn. 910, 689 A.2d 474 (1997).

The pleadings in the present case put the accuracy of the notices in issue. The three notices, referencing inaccurate names as the party for which the labor was performed, were relevant to this issue because they had a logical tendency to aid the trial court in determining whether the names were substantially accurate. As a result, the trial court was obligated to decide whether the inaccurate names that were referenced in the plaintiff's letters to the surety that issued the bond (Aetna) and the contractor who was named as the principal in the bond (Prete)[4] were, nevertheless, substantially accurate. The trial court never reached this necessary

---

[4] We note that § 49-42 (a) requires the plaintiff to serve a "copy" of the notice of claim on the principal on the bond (Prete). Although the plaintiff sent a separate notice to Prete, rather than a copy, it is possible for a separate notice to satisfy the requirements of the statute. See *Okee Industries, Inc.* v. *National Grange Mutual Ins. Co.*, 225 Conn. 367, 370–71, 623 A.2d 483 (1993).

determination. Accordingly, we conclude that the trial court abused its discretion in refusing to admit the notices.

The judgment is reversed and the case is remanded for further proceedings consistent with this opinion.

In this opinion the other judges concurred.