[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO DISMISS #115
The plaintiff, Connecticut Electric Equipment Company, Inc., filed a five count substituted complaint on February 8, 2001, against The Butler Group, Inc. (defendant contractor), Green Mountain Enterprises, Inc. (defendant-subcontractor), and the Fidelity and Guaranty Insurance Company (defendant-surety). The plaintiff alleges that the plaintiff and the defendant-subcontractor entered into an agreement whereby the plaintiff would supply electrical materials and services for the Plainville Senior Center. The defendant-surety issued a General Statutes § 49-41[1] payment bond procured by the defendant-contractor on April 28, 1999, in the amount of $303,000, for electrical materials and services performed on the contract. Pursuant to the contract, the plaintiff supplied electrical materials and supplies to the defendant subcontractor. More than sixty days has lapsed since the last day the plaintiff supplied the materials and services and there remains an outstanding balance of $18,962.28.
The plaintiff further alleges that on May 18, 2000, the plaintiff served a timely notice of claim on the defendant-surety and that a copy of the notice of claim was sent to the defendant-contractor pursuant to General Statutes § 49-42.[2] (Complaint, Exhibit C.) Both the defendant-surety and the defendant-contractor acknowledged receipt of the notice of claim sent by the plaintiff by responding by letter to the plaintiff indicating they are aware of the outstanding balance and the specific project at issue. (Plaintiff's Memorandum, Exhibits B and C.) The CT Page 4011 defendant-surety has failed to make payment on the § 49-41 payment bond. The defendant-contractor filed a motion to dismiss with a supporting memorandum, arguing that the plaintiff failed to comply with the notice requirement of § 49-42 and, therefore, the court lacks subject matter jurisdiction.[3] The plaintiff filed an untimely memorandum in opposition on December 10, 2001.[4]
"A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." (Emphasis in original; internal quotation marks omitted.) Gurliacci v.Mayer, 218 Conn. 531, 544, 590 A.2d 914 (1991). "A motion to dismiss tests, inter alia, whether, on the face of the record, the court is without jurisdiction." Upson v. State, 190 Conn. 622, 624, 461 A.2d 991
(1983). "The motion to dismiss shall be used to assert (1) lack of jurisdiction over the subject matter. . . ." (Internal quotation marks omitted.) Sadloski v. Manchester, 235 Conn. 637, 645-46 n. 13,668 A.2d 1314 (1995).
The defendant-contractor argues that the court lacks subject matter jurisdiction because the plaintiff named Triple L Electric rather than the proper corporation, Green Mountain Enterprises, Inc., on its notice of claim. Specifically, because the plaintiff failed to name the party for whom the work was performed and materials supplied, the defendant-contractor argues that the plaintiff failed to comply substantially with the notice requirement pursuant to § 49-42.
In opposition, the plaintiff argues that it has substantially complied with the notice requirement pursuant to § 49-42. Specifically, the plaintiff contends that the technical error of not naming the proper corporation is minor and should not defeat substantial compliance, particularly because timely notice was actually received and acknowledged by both the defendant-surety and the defendant-contractor. The plaintiff maintains that the naming of the incorrect corporation is a minor mistake because there is a nexus between the two corporations.[5]
Additionally, the letter written by the defendant-contractor in response to the plaintiff's notice of claim refers to the entity "Triple L/Green Mountain Elec." (Plaintiff's Memorandum, Exhibit C.) Finally, the plaintiff argues that the requirements of § 49-42 should be liberally construed because the statute was created to protect laborers and materials suppliers, therefore, minor technical deficiencies within the notice should not frustrate the purpose of the statute.
General Statutes § 49-42 (a) states in relevant part that "[t]he notice of claim shall state with substantial accuracy the amount claimed and the name of the party for whom the work was performed or to whom the CT Page 4012 materials were supplied. . . ." Our Supreme Court has noted that "§49-42 is a statutory cause of action that had no antecedents at common law. The statute having created the cause of action and prescribed the procedure, the mode of proceeding is mandatory and must be strictly complied with." (Internal quotation marks omitted.) Okee Industries,Inc. v. National Grange Mutual Ins. Co., 225 Conn. 367, 372-73 623 A.2d 483
(1993). Section "49-42(a) makes compliance with the statutory notice requirements a precondition to its recovery on the surety bond." Id., 370.
Section "49-42 is a remedial statute enacted to provide security for workers and materials suppliers unable to avail themselves of the protection of a mechanic's lien." Okee Industries, Inc. v. National GrangeMutual Ins. Co., supra, 225 Conn. 373; see also Nor'easter Group, Inc.v. Colossale Concrete, Inc., 207 Conn. 468, 477-79, 542 A.2d 692 (1988). "Because § 49-42 was patterned after federal legislation popularly known as the Miller Act . . . we have regularly consulted federal precedents to determine the proper scope of our statute." (Citation omitted.) Okee Industries, Inc. v. National Grange Mutual Ins. Co.,
supra, 225 Conn. 374. "[C]ourts are continually called on to determine whether one deviation or another from the strict letter of the Act necessitates denial of the protection to laborers and materialmen, which the Act aims to provide. The doctrine to which the courts are unanimously committed is that the protection of the laborers and materialmen is the dominant purpose of the Act and a liberal construction of its procedural provisions must be resorted to when necessary to effectuate that purpose." (Internal quotation marks omitted.) Id., 375.
As not to frustrate the purpose of the statute, Connecticut and federal courts "have relied on a standard of substantial performance rather than strict compliance when construing statutory notice requirements dealing with the service of notice and with the contents of notice." OkeeIndustries, Inc. v. National Grange Mutual Ins. Co., supra, 225 Conn. 375; see also Northeast Waste Systems Inc. v. Connecticut AbatementTechnologies, Inc., Superior Court, judicial district of New Haven, Docket No. 419724 (June 28, 1999, Fracasse, J.). Additionally, "[t]he statutory requirement of a bond is designed to protect and benefit those who furnish materials and labor to the contractor on public work, in that they may be sure of payment of their just claims, without defeat or undue delay . . . and such statutory provisions are to be liberally construed." (Citation omitted; internal quotation marks omitted.) American Masons'Supply Co. v. F.W. Brown Co., 174 Conn. 219, 227, 384 A.2d 378 (1978).
In the present case, the plaintiff's notice of claim named the incorrect corporation. Notwithstanding this technical deficiency, the notice was proper and timely served pursuant to § 49-42. CT Page 4013 Additionally, both the defendant-surety and the defendant-contractor replied to the plaintiff acknowledging their receipt of notice by indicating they are aware of the specific project and outstanding balance. (Plaintiff's Memorandum, Exhibits B and C.)
Our Supreme Court has noted that "[n]umerous decisions of federal courts of appeals have similarly held a timely written notice to be sufficient despite technical deficiencies in its contents if notice in fact was actually given and received." Okee Industries, Inc. v. NationalGrange Mutual Ins. Co., supra, 225 Conn. 375-76. Specifically, "[t]he fact that the general contractor had received actual notice at the proper time persuades us that the imperfections of the letter fall within the category of deviations that are insubstantial in the absence of demonstrated prejudice." Id., 376-77. Furthermore, our Appellate Court held in KMK Insulation, Inc. v. A. Prete Son Construction Co.,49 Conn. App. 522, 528-29, 715 A.2d 799 (1998), that the trial court abused its discretion in refusing to admit notices that referenced inaccurate names as the party for which the labor was performed.
In the present case, the error of naming the incorrect corporation is a minor technical deviation. This is evidenced by the fact that both the defendant-contractor and the defendant-surety acknowledged the notice of claim by timely responding to the plaintiff's notice and indicating they are aware of the specific project at issue. (Plaintiff's Memorandum, Exhibits B and C.) Furthermore, the defendant-contractor refers to the entity "Triple L/Green Mountain Elec." in its response to the plaintiff's notice of claim, which evidences a nexus between the two corporations and explains the cause of the plaintiff's technical error. (Plaintiff's Memorandum, Exhibit C.) In addition, Connecticut courts have held that the technical requirements of § 49-42 must be liberally construed in accordance with federal interpretations of the Miller Act; 40 U.S.C. § 270a-270d; which was enacted to ensure security for laborers and materials suppliers who are involved in public works projects. Blakeslee Arpaia Chapman Inc. v. El Constructors, Inc.,239 Conn. 708, 716, 687 A.2d 506 (1997).
Accordingly, the court finds that the plaintiff has substantially complied with the notice requirement pursuant to § 49-42. Therefore, for the foregoing reasons, the defendant's motion to dismiss is denied.
BY THE COURT
____________________ Skolnick, J.